Samuel Biggs *et al.*

*v.*

William A. Clapp *et al.*

1. Statutes — *rule of construction.* If any part of a statute be intricate, obscure or doubtful, the proper way to discover the intention is to consider the other parts of the act, for the meaning of one part of a statute frequently leads to the sense of another; so that in the construction of one part of a statute every other part ought to be taken into consideration.

2. Mechanic's lien — *right of sub-contractors to payment when work is abandoned.* The mechanic's lien law does not require that the owner shall pay any thing to a sub-contractor, when he is compelled to exhaust the original contract price, taking into account what he has rightfully paid the contractor, to complete the building, in case of abandonment by the contractor.

3. Same — *payment made by consent of sub-contractor.* Where a sub-contractor, after serving notice of his lien upon the owner of a building, signs a writing, authorizing such owner to pay a certain other

installment, referring to it as due when certain work is done, this will not be held conditional, but as indicating a particular installment, and the owner may rightfully make such payment before it is due, without becoming liable to the sub-contractor.

4. INSTRUCTION — *assuming a paper to be conditional.* An instruction which assumes that a paper or writing in evidence is conditional, when it is not, is properly refused.

APPEAL from the Superior Court of Cook county; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. FULLER & SMITH, for the appellants.

Mr. STEPHEN F. BROWN, for the appellees.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a petition filed by appellants, in the Superior Court of Cook county, as sub-contractors, against appellees to enforce a mechanic's lien under the act of 1869.

A trial was had before a jury, which resulted in a verdict against appellants. The court overruled a motion for a new trial, and rendered judgment upon the verdict.

To reverse this judgment appellants have prosecuted this appeal, relying mainly upon the ground that the court erred in giving appellees' third instruction, and refusing the first, second and fourth asked by them.

It appears from the evidence contained in the record, that on the 12th day of July, 1872, appellees entered into a contract with J. B. Smith & Son, by which the latter were to furnish the material and erect a certain building for appellees, for $13,300. The building was to be completed on or before the 1st day of September, 1872. By the contract appellees were to pay Smith & Son $1,000 when the walls of the basement were all up and the joists in; $1,500 when the walls of the principal story were up, the iron work set and the joists all in; $1,800 when the walls of the second and third stories were all up and joists all in; $2,000 when the walls were all up, joists all in, partitions set, cornices set and roof on; $2,000

when the floors were all laid and plastering completed; and the balance upon the completion and acceptance of the entire building.

The appellants contracted with J. B. Smith & Son to furnish certain cut stone for the building; appellants furnished the stone as they agreed to do, and there is a balance due them from J. B. Smith & Son, of $1,675. On the 12th of September, 1872, appellants served appellees with notice, under the statute, of a mechanic's lien as sub-contractors; at the time the notice was served, appellees had paid to J. B. Smith & Son, on the contract, $6,300; on the 3d day of October, 1872, by written permission of appellants, appellees paid J. B. Smith & Son, the further sum of $2,000; upon receiving this payment J. B. Smith & Son abandoned the work and appellees were compelled to complete it at an additional cost of $5,500, which made a sum exceeding $500 paid by appellants to complete the building over and above the original contract price.

At the request of appellees, the court gave to the jury an instruction as follows:

"3. The jury are further instructed that the mechanics' lien law is not intended to compel an owner to pay more than the original contract price for constructing a building. If, therefore, the jury find from the evidence that on the 3d day of October, A. D. 1872, William A. Clapp, the defendant, had rightfully paid the sum of $8,300, on an original contract for constructing the building 159 Fifth avenue, Chicago, and that the original contract price for constructing said building was $13,300; that the original contractors abandoned their contract on said building on the 3d day of October, 1872, and that, after said abandonment by the original contractors, the defendant was compelled to finish said building, and that in finishing the same in the manner provided for in the original contract, he has actually, and reasonably, and rightfully paid out more than $5,000 over and above the amount previously paid on the original contract, then in this action the plaintiffs are not entitled to recover."

43—74TH ILL.

338      BIGGS *et al. v.* CLAPP *et al.*      [Sept. T.

Opinion of the Court.

It is insisted that the seventh section of the mechanics' lien act of 1869 was entirely ignored by the court by this instruction to the jury.

In other words, as we understand the position of appellants, they claim that under the seventh section, when the original contractor abandons the work and the rights of sub-contractors are involved, the owner is required to pay the full value of the work actually done, deducting only what has been paid, regardless of what it may cost to complete the building under the contract.

By the seventh section of the act of 1869, Public Laws of 1869, page 257, it is declared, should the original contractor, for any cause, fail to complete his contract, any person entitled to a lien as aforesaid may file his petition, etc., etc., and decree shall be entered against the owner, etc., for so much as the work and material shall be shown to be reasonably worth according to the original contract price, first deducting so much as shall have been rightfully paid on said original contract by the owner.

In placing a construction upon this section it will not do to consider it alone; it must be considered in connection with other sections of the same act, to collect the legislative intention.

If any part of a statute be intricate, obscure or doubtful, the proper way to discover the intent is to consider the other parts of the act, for the words and meaning of one part of a statute frequently lead to the sense of another, and in the construction of one part of a statute, every other part ought to be taken into consideration. Potter's Dwarris on Statutes, 188.

By reference to the first section of the act of 1869, and this is the section which gives a sub-contractor a lien, the following emphatic language will be found in the last clause of the section: "But the aggregate of all the liens hereby authorized shall not exceed the price stipulated in the original contract between such owner or lessee and the original contractor for such improvements; in no case shall the owner or lessee be

compelled to pay a greater sum for or on account of such house, building or other improvement, than the price or sum stipulated in said original contract or agreement."

When, therefore, section seven is considered in connection with section one of the same act, we think it evident the framers of the act never contemplated that the owner should be required to pay a single dollar to a sub-contractor when he had exhausted the original contract price in the completion of the building.

The language of the statute is obvious. In no case shall the owner be required to pay for or on account of such building a greater sum than the original contract price.

In this case appellees have been compelled, in the completion of their building, to pay between five hundred and one thousand dollars more than the original contract price, and yet appellants insist they shall still pay more.

The position assumed is not just, neither can it be sustained under a fair construction of the statute. The instruction given, in our judgment, placed the law fairly before the jury.

This disposes of the question raised as to the refusal of the court to give appellants' first instruction, as well as the giving of the third one for appellees.

The next question presented is, the refusal of the court to give the second and fourth instructions. The record does not show any instruction No. 2; the instruction referred to as No. 2 seems to be a part of the first instruction, which was properly refused. The fourth instruction reads as follows:

" If the jury believe, from the evidence, that the $2,000 paid October 3, 1872, was paid before the conditions of its payment as to laying floors and completing plastering were complied with, such payment cannot affect the rights of the plaintiffs in this case."

It is shown by the evidence that on the 1st day of October, 1872, appellants executed and delivered to Smith & Son a paper as follows:

" Mr. William A. Clapp : You are hereby relieved from the effect of the lien notice heretofore served upon you, so far as to be permitted to make payment of the installments due Smith & Son, of $2,000 or thereabouts, upon completing the plastering and laying the floors of your building No. 159 Fifth avenue, without prejudice to you for so doing, and as to such installments our lien upon said building is released.

" Provided, this is no waiver of our lien as to other future payments.   Dated Chicago, Illinois, October 1, 1872.

" J..B. Clarke & Co."

Upon the presentation of this instrument by Smith & Son, appellees paid the $2,000 therein specified.   It is now claimed by appellants that the document did not authorize the payment of the amount therein named unless the plastering was completed and the floors laid.   Even if the position taken was correct, the instruction was properly refused, for the reason it assumed the paper was conditional.

But aside from this, the paper read in evidence could not, by any fair or reasonable construction, be construed to only authorize the payment of the money upon condition that the plastering was completed and the floors laid.   The language used would seem to be words of description, indicating the particular installment that was to be paid.   We are, therefore, of opinion the instruction was properly refused.

Upon examination of the whole record we perceive no substantial error.   The judgment will therefore be affirmed.

*Judgment affirmed.*