## JOHN D. BOGGESS

### v.

## J. GARLAND PENNELL.

*Exemptions—Filing Schedule—What Sufficient Notice of Execution.*

1.   Under the law of this State it is necessary for an officer, where it is practicable, to serve personal notice on the debtor of an execution against him before the period within which the debtor must file his schedule, begins to run.

2.   Upon the case presented it is *held*, that were the law otherwise, the letter introduced in evidence was not sufficiently explicit notice to the debtor to require him to file his schedule within ten days after receiving it.

[Opinion filed April 11, 1892.]

APPEAL from the Circuit Court of Greene County; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MARK MEYERSTEIN, for appellant.

The statute requiring a debtor to schedule was passed in 1877.   The amendment demanding such schedule within ten days after the notice of the execution, was not enacted until June, 1887.

The direct question here raised, so far as we have been able to ascertain, has never been passed upon by the Supreme Court or any of the Appellate Courts of this State.

Exemption laws are remedial in their nature, intended to remove grievances under which the unfortunate labored. Being remedial, they must be so construed as most effectually to meet the benevolent end in view.   Deere v. Chapman, 25 Ill. 498.

A statute exempting property from levy and sale is not to be strictly construed, but such construction will be placed thereon as will carry out the obvious purpose of the legislature in enacting them, namely, to protect the debtor. Finlen v. Howard, 126 Ill. 262.

Exemption laws are made for the poor and unfortunate and should be liberally construed by the courts, and the rights of such debtors fully and freely upheld without stint or grudging. Morrissey v. Freeley, 36 Ill. App. 562.

We contend that in the light of the above decision, a proper construction of the terms of that statute "within ten days after notice of the execution" does not mean within ten days of the receipt of a letter from the officer holding such execution, but within ten days of the service of the execution on the defendant, or within ten days of a personal demand on the defendant made by the officer holding the execution, if such is practicable.

We claim that an execution is a writ and should be served like other writs, and that such service of the writ, or at least a personal demand, if practicable, is the notice contemplated by statute.

In the case of Pitts v. Magie, 24 Ill., on page 613, our Supreme Court holds that "it is the first duty of an officer having an execution against a party to apply to him personally for payment, whenever that is practicable."

This rule is reiterated in Tuttle v. Wilson, 24 Ill. 559; Rock v. Haas, 110 Ill. 528; Davis v. Chicago Dock Co., 129 Ill. 191, and many other cases.

In the case of Finlen v. Howard, 126 Ill., on page 261, the Supreme Court holds, that "upon demand made by the officer holding the execution it is the duty of the execution debtor, if he desires to avail of the benefit of the exemption laws, to make a schedule," etc., etc.

In the case of Morrisey v. Feeley, 36 Ill. App., on page 560, the court states : "The main points urged for reversal are that the said James Feeley, when he was served with the execution, did not, within ten days thereafter, make out a schedule, etc., etc.

We think the last part of Sec. 14 of the Exemption Laws clearly shows that the term *notice*, as used in the first part of that section, was intended to be the service of the execution on the debtor, or a personal demand on him by the officer, and not any other kind of notice. It is there also

provided, " and the officer having such writ is hereby author-
ized to administer the oaths required herein of the debtor,"
etc.

The only oath required of the debtor by Sec. 14, is the
one to be attached to his schedule. The officer having the
writ of execution is authorized to administer the same to
the debtor. We therefore claim that the legislature intended
that the officer having the execution should personally
serve the execution, or personally make a demand of the
debtor, and that the debtor must make his schedule within
ten days from such *service* or *demand*. If such was not the
legislative intent, why authorize the officer having the exe-
cution to administer the oath to the debtor? The officer
could not do so unless he personally served the writ on the
debtor.

It being conceded that appellee could have found appel-
lant on any day since the date of the execution so as to
serve the same or make a personal demand, then under
such circumstances it was the first duty of appellee, having
the execution, to personally apply to appellant for payment,
and that such would be the notice contemplated by the
statute, because it was practicable so to do. Pitts v. Magie,
24 Ill. 613.

But conceding that the notice spoken of in Sec. 14 may be
a letter written by the officer to a debtor residing in the
same county, yet we claim that the letter of March 27,
1891, is not the notice contemplated by the statute.

Mr. JAMES R. WARD, for appellee.

Appellant contends that the law requires the officer to
personally read the writ to the debtor. Such an act would
be a service of the writ itself, not merely a "notice" of it.
Had the legislature intended to impose such a duty, it
would have used apt words to convey such intention, and
instead of "after notice" it would have inserted "after
service."

We think the law now, with respect to the kind of notice
and the manner of giving the same, is the same as it was
before the amendment of 1887, and that that amendment

was for the purpose of requiring promptness on the part of the debtor, and of doing away with the controversy as to what is a reasonable time in which the debtor may make his selection, after notice of the writ, and therefore ten days after the notice of the writ is the period of time now allowed the debtor in which to make, subscribe and swear to and deliver to the officer having the writ, the schedule required by law.

In Cook v. Scott, 1 Gilm. 342, the duty of an officer with respect to giving notice to the debtor of the execution before the act of 1887, is clearly defined as follows: "It is the duty of the officer, having an execution in his hands, before he proceeds to take or seize any of the personal property of the defendant in such execution by a levy thereon, to notify such defendant of his having such execution in his hands, if practicable."

It will be observed that this decision does not announce that it is the duty of the officer to personally demand payment of the execution or serve the same by reading the writ to the defendant, but all it requires is that the officer notify the defendant of his having the execution in his hands, if practicable. The object in requiring notice to be given to the debtor of the existence of the execution, is stated to be to enable the debtor to select such property as he desires to retain according to the statutes, and that he may surrender to the officer all of his other property, not thus selected or specifically exempt, in satisfaction of the execution.

The consequence of the failure of the debtor to act after being notified of the existence of the execution is stated in Cook v. Scott, *supra,* thus: "If the defendant, being thus notified, or otherwise being apprised of the execution against him in the hands of the constable, and of the intended levy, neglect or refuse to make such selection, the officer may at once proceed to levy upon any of the property of the defendant, not specifically exempt from execution, that he may choose to take, and afterward proceed to sell the same, regardless of any subsequent claim or demand

by such defendant, of such property, as having been selected by him under the statute."

It will be noticed that this decision announces that if the defendant in the execution is apprised of the execution against him in the hands of the officer, otherwise than by notice from the officer, the consequences to the debtor are the same if he neglects or refuses to make his selection thereafter, within a reasonable time. No matter from what source the debtor receives the information that an execution is in the hands of an officer, against his property, it is the duty of the execution debtor to make, subscribe and swear to and deliver to the officer having the execution, the schedule required by the statute, within ten days after notice of such execution.

In Biggs v. McKenzie, 16 Ill. App. 288, the debtor was informed of the execution by the justice of the peace, and it was held to be sufficient notice under the exemption act of 1877.

The decision in the case of Cook v. Scott, *supra*, harmonizes with the exemption act of 1877 and the amendment of 1887 thereto, and is approved in People, use of, v. Palmer, 46 Ill. 399, Wright v. De Yoe, 86 Ill. 490, and Blair v. Parker, 4 Ill. App. 411.

The cases of Pitts v. Magie, 24 Ill. 613, Tuttle v. Wilson, 24 Ill. 559, Rock v. Haas, 110 Ill. 534, and Davis v. Chicago Dock Co., 129 Ill. 191, are not in point and do not support the contention of appellant.

MR. JUSTICE WALL. This was an action of replevin. Judgment was for the defendant. The appellee, being sheriff of Greene County, received an execution issued out of the Circuit Court of said county, dated March 26, 1891, for $435.37 and costs of suit, in favor of Joseph K. Sharon against John D. Boggess, the appellant. On the following day he wrote to the appellant, as follows:

CARROLLTON, ILLS., March 27, 1891.

MR. JOHN BOGGESS,
          White Hall, Ills.

*Sir:* I have in my hands execution in favor of J. K.

Sharon v. you, for four hundred and forty-four and 72-100 dollars. What have you to say in regard to it, as the law compels us to make a demand on you for that amount?

Yours respectfully,

J. G. Pennell, Sheriff.

By R. G. Robinson, Deputy.

The appellant replied as follows:

March 28, 1891.

Mr. Pennell: I received your letter to-day. All I have to say is I have nothing to say. I suppose you have to make your proper demand. I am ready to schedule what little I have, and that ain't a very long job. I have got nothing to turn out.

John D. Boggess.

This reply was received by appellee the day of its date. Appellant failed to present a schedule to the appellee, and on the 25th of May, 1891, the latter levied upon the property in question, for which the appellant brought the present action of replevin.

The only question is whether the sheriff gave the debtor such "notice of the execution" as the law requires, and thereby was devolved upon the debtor the necessity of making the statutory schedule in order to avail himself of the benefit of the act concerning exemptions, etc.

Sec. 2 of the act provides:

" Sec. 2. Whenever any debtor, against whom an execution, writ of attachment or distress warrant has been issued, desires to avail himself, or herself, of the benefit of this act, he or she shall, within ten days after notice of the execution, attachment or distress warrant, make a schedule of all his or her personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution, writ of attachment or distress warrant, which said schedule shall be subscribed and sworn to by the debtor, and any property owned by the debtor and not included in said schedule shall not be exempt as aforesaid."

This section does not provide any particular mode of giving

notice. The object, of course, is to insure the debtor ample time within which to make out and present his schedule.

It is urged, however, that the law intends the officer shall personally demand payment of the execution, and that this is the notice the law requires. In general, where notice is required by statute or by rule of court, and the method of serving the same is not laid down, it is understood there shall be personal service. Wade on Notice, Sec. 1334; C. & A. R. R. Co. v. Smith, 78 Ill. 96. By Par. 19, Chap. 53, relating to fees and salaries, the sheriff is authorized to charge "for service of notice of execution * * * seventy-five cents and mileage five cents each way." Here there seems to be a distinct legislative recognition of the proper mode of giving notice of the execution. We believe that it has been the uniform practice to serve notice in this personal way before making a levy whenever it is practicable to do so. Of course, if the debtor is not in the county, or conceals himself, or avoids the officer, a different question would be presented. Here the defendant lived a few miles from the county seat, and there was no difficulty in personal service. That such personal service is essential whenever practicable has been clearly held or recognized by the Supreme Court in Pitts v. Magie, 24 Ill. 613; Rock v. Haas, 110 Ill. 528; Finlen v. Howard, 126 Ill. 291; Davis v. Chi. D. D. Co., 129 Ill. 191. But conceding for the argument that the notice may be given by mail, we are inclined to hold this letter not sufficient. The second sentence in the letter was calculated to mislead the debtor to suppose that a "demand" would be made on another occasion. So the debtor understood it, for he says: "I suppose you have to make your demand," and then he says he will be ready to schedule. It was plain enough that he expected a visit from the officer, and intended then to avail himself of the exemption by making the necessary schedule. Though the officer must have so construed the letter, he permitted the debtor to remain in the dark until the ten days had elapsed. The exemption laws being fairly, not to say liberally, applied, will forbid anything like a scheme to mislead or deceive the debtor.

That there was such a purpose here need not be determined. The officer could readily see, however, that the debtor was expecting a "demand," and in view of the ambiguous terms of the so-called notice, it seems quite clear that he had a right to so expect. In other words, as argued by appellant, the letter was intended not to give notice, but to withhold it. At any rate, whether so intended, it so operated, and the officer knew it. Common fairness and good faith required him under such circumstances to undeceive the debtor.

We are of opinion the law was not complied with by the officer, and as the debtor was entitled to claim all the property under the exemption act, the judgment should have been in his favor.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*