468 . APPELLATE COURTS OF ILLINOIS.

VOL. 76.] Illinois Conference of Evangelical Ass'n v. Plagge.

## The Illinois Conference of the Evangelical Association v. Henry F. Plagge, Adm'r.

1. BILL OF EXCEPTIONS—*Time for Filing.*—Where the court extends the time for filing a bill of exceptions to a specified date, after the expiration of the term, and no bill is presented within the time specified, the court has no power after the expiration of the time to sign the bill or to again extend the time for settling and signing it.

Assumpsit, on five promissory notes. Trial in the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Judgment for plaintiff. Appeal by defendant. Heard in this court at the March term, 1898. On motion, bill of exceptions stricken from the files and judgment affirmed. Opinion filed May 26, 1898.

RITCHIE, ESHER & WOOLLEY, attorneys for appellant.

KNECHT, BULLARD & ROBLIN, attorneys for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

The record shows that the judgment in this case was entered in the Circuit Court on July 17, 1897. An appeal was then prayed, and the time for filing a bill of exceptions was extended to September 10, 1897. No bill of exceptions was signed within the time limited, nor was any further order entered extending time for same until after September 10, 1897.

The proceedings subsequent to September 10, 1897, are set forth in the abstract of record as follows:

" September 14, 1897.    Motion by defendant that bill of exceptions be signed and filed as of September 9, 1897, or time extended within which same may be signed and filed, to September 18, 1897.    Said motion being supported by affidavit.

" Said motion having been partially heard, upon motion of counsel for plaintiff, it is ordered that the further hearing of said motion be postponed till September 15, 1897.

" Order September 15, 1897.    This day came again the said parties, and counsel having been heard, and the court being fully advised in the premises, it is by the court ordered that the time for filing the bill of exceptions in this case by the defendant be, and the same hereby. is, extended to and including the 18th day of September, 1897.

" September 17, 1897, bill of exceptions filed."

Appellee moves that this bill of exceptions be stricken from the record.    We are of opinion that the motion must be allowed.

The court having extended the time for filing a bill of exceptions to a specified date, which was after the judgment term, and no bill having been presented to the judge within the time specified, the court then had no power after the expiration of the time fixed, either to sign a bill of exceptions or to extend the time for the settling and signing of the same.    Hake v. Strubel, 121 Ill. 321;  Village of Marseilles v. Howland, 136 Id. 81;  Pardridge v. Morganthau, 157 Id. 395.

The decision in Conductors' Benefit Ass'n v. Leonard, 166 Ill. 158, does not overrule or conflict with these decisions.    It was there held that in a suit in chancery a certificate of evidence, which had been presented to the chancellor and signed within the time allowed, might be filed at any time during the same term, although after the expiration of the time allowed.

In the case under consideration nothing was done in the matter of settling a bill of exceptions, none was signed by

the judge, none was presented to him for signature, until after the expiration of the time fixed. At the expiration of the time fixed, which was after the judgment term, no order of extension having been entered, the court had lost jurisdiction, and the order of September 15, 1897, was without effect. The bill of exceptions is therefore ordered stricken from the record. It follows that upon this appeal the judgment of the Circuit Court must be affirmed.