## James O'Brien v. Walter Lynch, for the use of, etc.

1. AFFIDAVITS—*In Support of Motions to Vacate Orders of Dismissal, Not a Part of the Record Unless, etc.*—Affidavits in support of a motion to vacate an order of dismissal are no part of the record unless made so by the bill of exceptions.

2. SAME—*To Place a Cause on the Short Cause Calendar, When a Part of the Record.*—Affidavits, notice and proof of service provided for by statute in order to place a cause on the short cause calendar are necessary to the jurisdiction of the court to proceed to try the cause on such calendar and constitute a part of the record without being made so by a bill of exceptions.

3. PRACTICE—*Entry of Nunc pro Tunc Orders Extending the Time in Which to File a Bill of Exceptions.*—After the expiration of the time fixed in which to file a bill of exceptions, the court is without authority to enter a *nunc pro tunc* order extending the time to file the bill.

4. NOTICE—*When the Manner of Service is Not Provided for by Statute.*—When there is no provision of the statute prescribing the manner in which a notice shall be served, there must be personal service in order to comply with the statute.

5. APPELLATE COURT PRACTICE—*Duty of Counsel to File Briefs.*—It is the duty of counsel to prepare and file briefs to aid the court in reaching correct conclusions and if the result is not satisfactory to the parties in interest, the blame must rest with the counsel who fail to do their duty in this respect.

**Assumpsit,** for labor, etc.—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded. Opinion filed May 21, 1900. Rehearing denied July 9, 1900.

D. J. DOWNEY, attorney for appellant.

WALTER G. KRAFT, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit before a justice of the peace, where he recovered judgment, from which appellant appealed to the Superior Court of Cook County, the bond being approved by and filed with the clerk of said court, April 3, 1899. Appellee filed his appearance April 19, 1899, but on April 18th, the day previous, there was filed the usual affidavit to place the case upon the short cause calendar

O'Brien v. Lynch.

with proof of service of a copy of said affidavit and notice of placing the cause on the short cause calendar, as follows:

"A. W. Stevenson, being first duly sworn, deposes and says that he served the above notice and copy of affidavit by sending a copy of the same by registered United States mail, addressed to the defendant's residence, as follows: James O'Brien, Esq., Riverdale, Ill., the 17th day of April, A. D. 1898."

A justice transcript was also filed in the Superior Court, April 18, 1899.

The cause was placed upon the short cause calendar on April 20, 1899, and on the 8th day of May following, the appeal was dismissed on motion of appellee for want of prosecution, with damages.

Thereafter during the same term, appellant entered his motion to vacate and set aside the order dismissing his appeal, which motion was overruled and an exception preserved, and this appeal is prayed from the order of the court overruling appellant's motion to vacate the order dismissing the appeal.

Certain affidavits were filed by appellant purporting to be in support of appellant's motion, which are embodied in the record, though not made a part of the bill of exceptions. These affidavits are no part of the record unless made so by the bill of exceptions, and can not be considered by this court. Van Pelt v. Dunford, 58 Ill. 146.

At the time of appellant's motion to vacate the order dismissing the appeal, sixty days were given within which to file a bill of exceptions, and the time was thereafter before the expiration of sixty days, extended until and including the first day of September, 1899, which was at the August term of the Superior Court. Thereafter on the 5th day of September, 1899, at the September term of the Superior Court, an order was entered *nunc pro tunc* as of September 1, 1899, extending the time in which to file a bill of exceptions to September 5, 1899, on which latter day the bill of exceptions in the record was filed and approved by the court.

The court had no power to enter the order of September 5th, or to approve, and order filed, the bill of exceptions on that day. Ill., etc., Ass'n v. Plagge, 76 Ill. App. 468, and cases cited; Pardridge v. Morganthau, 157 Ill. 395.

The motion of appellee to strike the bill of exceptions from the files, which was reserved to the hearing, is therefore sustained.

Appellee also moved to strike from the record the appearance of appellant, the affidavit for short cause calendar, the copy of affidavit for short cause calendar and notice, the affidavit of service of copy of said notice, the certificate of the clerk that the cause was placed upon the short cause calendar, April 20, 1899, among the cases assigned to Judge Holdom, one of the judges of said Superior Court, the justice transcript filed May 27, 1899, and the other affidavits above referred to, purporting to be in support of the motion to vacate the order dismissing the appeal.

This motion is overruled. The first section of the Short Cause Calendar Act (Chap. 110, Par. 125), provides that it shall be the duty of the clerk to prepare a trial calendar in addition to the regular trial calendar of each court, to be known as the short cause calendar. Also that " upon the plaintiff, his agent or attorney, in any suit at law pending in any court of record, filing an affidavit that he verily believes the trial of said suit will not occupy more than one hour's time, and upon ten days' previous notice to the defendant, his agent or attorney, said suit shall be placed by the clerk upon said short cause calendar." Section 2 of the same act provides for the trial of such suits on a day to be set apart and designated in each week during every term of the court, and that such suits shall be tried and disposed of on said days in the order in which they are placed upon said calendar.

We are of opinion that the affidavits, notice and proof of service thereof being provided for by statute, and being necessary to the jurisdiction of the court to proceed to try the cause on the short cause calendar, they constitute a part of the record without being made such by a bill of excep-

O'Brien v. Lynch.

tions.  Williams v. Reynolds, 86 Ill. 263;  Whiting v. Fuller, 22 Ill. 33;  Redfern v. Botham, 70 Ill. App. 253;  Baldwin v. McClelland, 50 Ill. App. 652;  Randolph v. Emerick, 13 Ill. 344.

The appearance of the appellee and the transcript of the justice of the peace referred to are also a part of the record. The affidavits in support of appellant's motion to vacate the order dismissing the appeal are no part of the record, as has been stated above, and may be properly stricken from the record, but as we do not consider them, it is immaterial whether they are stricken from the record or not.

It appearing from the affidavit of service of notice to place the case upon the short cause calendar, that the service was by sending a copy of the short cause calendar affidavit and notice by registered U. S. mail, addressed to the defendant's residence at Riverdale, Illinois, the service was not a compliance with the requirements of the short cause calendar statute, which provides for " ten days' previous notice to the defendant, his agent or attorney," before the case can be placed upon the short cause calendar—there being no provision of the statute which prescribes the manner in which the notice shall be served.   In such case there must be personal service in order to comply with the statute.   C. & A. R. R. Co. v. Smith, 78 Ill. 96;  Boggess v. Pannell, 46 Ill. App. 156;  Wade on Notice, Sec. 1334.

As to the law governing this case we have received no aid from counsel.   If the result is not satisfactory to the parties in interest, the blame must rest with counsel, whose duty is to aid the court in reaching correct conclusions.

The court erred in denying appellant's motion to vacate the order dismissing the appeal, and it is unnecessary to consider the other questions presented.

The judgment is reversed and the cause remanded.