## Arthur E. Genius v. Charles L. Rayfield.

### Gen. No. 12,048.

1. SHORT CAUSE CALENDAR—*notice required to place case upon.* The notice essential to the placing of a case upon the short cause calendar is personal notice; service by registered letter is not sufficient.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed July 17, 1905.

CHARLES A. KLOTZ, for appellant.

ALFRED F. TOMPKINS, for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

This was an appeal by the defendant below to the Circuit Court from a judgment entered by a justice of the peace. In the Circuit Court the plaintiff below placed the case on the Short Cause Calendar. The defendant moved the court to strike the case off that calendar for want of sufficient notice. R. S. Hurd, 1903, section 95, chapter, 110, p. 1414. The motion was overruled. The defendant excepted to this ruling; and, failing to prosecute his appeal, the court dismissed the appeal and entered judgment against him for costs. He brings the case to this court.

The notice to the defendant, here appellant, that the case would be placed on the Short Cause Calendar for trial was served · by registered letter only. The registry return receipts were signed in the name of appellant, but there is no evidence that they were or either of them was his signature.

We are committed to the doctrine that a notice served by sending a copy of the Short Cause Calendar, affidavit and notice by registered mail is not in compliance with the statute; that where notice is required and the mode of service is not specified, the law demands that it shall be personal. O'Brien v. Lynch, 90 Ill. App., 26.

It follows that the judgment of the Circuit Court must be and it is reversed and the cause is remanded.

*Reversed and remanded.*