Richard Hansen, Appellant, v. Peter J. Muldoon and Harry M. Quinn, Appellees.

Gen. No. 6,522.    (Not to be reported in full.)

Appeal from the Circuit Court of McHenry county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 9, 1918. Rehearing denied May 14, 1918.

## Statement of the Case.

Bill by Richard Hansen, complainant, against Peter J. Muldoon, as Catholic Bishop of Rockford, and Harry M. Quinn, defendants, to establish a mechanic's lien as subcontractor on a building owned by Peter Muldoon, as Catholic Bishop of Rockford, and constructed by said Quinn as contractor. From a decree dismissing the bill for want of equity, complainant appeals.

ATWOOD, PEASE & LOUCKS, for appellant.

DAVID R. JOSLYN and EDWARD D. SHURTLEFF, for appellees.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1165*—*when court will look into whole record.* In determining, on appeal, the question whether a subcontractor is entitled to a lien, the court will look into the whole record presented.

2. MECHANICS' LIENS, § 113*—*what are rights of subcontractor as to lien on funds due contractor completing work under new agreement with owner.* Where a building contractor abandons the contract, but completes the building under an arrangement with the owner, the latter has the right to use any money that remains

in his hands, which would have been due and payable to the contractor had he completed the contract, for the purpose of finishing the job, and a subcontractor under the original contract can only acquire a lien to reach the balance that remains in the hands of the owner after paying what is necessary to expend in completing the job according to the contract.

3. MECHANICS' LIENS, § 113*—*when subcontractor entitled to lien after abandonment of contract.* Where the original contractor abandons his contract and fails to carry it out, it is necessary to prove that the owner was indebted to the original contractor, under the contract, before a lien can be enforced against the owner for the benefit of a subcontractor.

4. MECHANICS' LIENS, § 196*—*when not shown that owner indebted to contractor at time of service of notice of lien by subcontractor.* On a bill by a subcontractor against the contractor and the owner to establish a mechanic's lien for work, labor and material furnished before abandonment of the contract by the contractor, evidence *held* insufficient to show that at the time of service of notice of a lien there was money due the contractor from the owner.

### ON PETITION FOR REHEARING.

EQUITY, § 479*—*denial of relief not based upon pleadings.* A subcontractor seeking to establish a mechanic's lien, in a suit against the owner and contractor, cannot have relief upon grounds not stated in his pleadings.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.