## First National Bank of Findlay, Appellant, v. Farmer's Bank of Gays, Appellee.

1. APPEAL AND ERROR, § 1827*—*when notice must be personally served.* Under section 113 of the Practice Act (Hurd's Rev. St. ch. 110, J. & A. ¶ 8650), providing that upon the giving of notice to the adverse party or his attorney of the filing of a remanding order the case may be reinstated, personal service was requisite, and therefore a judgment by default entered where a case has been redocketed after service of a notice of the filing of the mandate from the Appellate Court, upon the attorney by registered mail, was vacated.

2. PROCESS, § 35*—*how notice must be served.* Where a statute provides for notice and does not say how it shall be served, such service must be personal.

3. JUDGMENT, § 159*—*when default judgment will be vacated.* Where a notice of the filing of a remanding order stating that on a given day application would be made to have the case redocketed was served by registered mail on the attorney for defendant, the force and validity of the notice expired on the day named, and even assuming that service by registered mail was valid, the notice did not extend *ad infinitum* to be taken advantage of several years later without further notice; and hence a judgment by default entered after a redocketing of the case in question under such circumstances was vacated in chancery.

Appeal from the Circuit Court of Coles county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1920. Reversed and remanded with directions. Opinion filed October 27, 1920.

CRAIG & KINZEL and WHITAKER, WARD & PUGH, for appellant.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY and JAMES CRAIG VAN METER, for appellee.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellant filed its bill in chancery in the circuit court of Coles county to the October term, 1919, thereof for the purpose of having a certain judgment obtained by appellee against appellant in a suit at law at the April term, 1919, of said court vacated, a new trial granted and the levy of an execution sued out on said judgment enjoined. Upon a hearing the chancellor dismissed the bill for want of equity and from this decree appellant has prayed an appeal to this court.

The bill as amended, in substance, avers that appellant was made a party defendant in a suit at law in the circuit court of Coles county entitled *"W. J. Elzy for the use of the Farmers Bank of Gays v. The First National Bank of Findlay, Illinois"*; that in said suit appellant was garnisheed as the holder of certain money belonging to Elzy; that there was a judgment rendered in said suit which was reversed by the Appellate Court of the third district and remanded for a new trial on October 13, 1915; that appellee secured a remanding order in said cause on or about March 28, 1917, which was filed in the office of the clerk of the circuit court of Coles county, but that said cause was not reinstated nor placed upon the docket of said circuit court until the January, 1919, term thereof; that no personal notice was given appellant or any attorney representing the latter of the intention of appellee to reinstate said cause or of the fact that it had been so reinstated; that without any notice having been given appellant or any one representing it and without appellant being present, a trial was had at the April term, 1919, of said circuit court in which a verdict was rendered by a jury in favor of appellee in the sum of $727.93; that appellant has a meritorious defense to said demand on account of a decree rendered by the circuit court of Shelby county in the case of *"Fred Morrison v. W. J. Elzy,"* in which appellant was required to pay the money, which it

held for Elzy, to Morrison and that appellee in this case was a party defendant in that case and adopted the answer of appellant in that case; that appellant has a further meritorious defense because Elzy was indebted to it in a larger sum than it held for him; and prays that said judgment may be vacated, a new trial granted and that appellee be enjoined from collecting the judgment or levying an execution by virtue thereof.

To the amended bill, appellee filed a demurrer to a part thereof and an answer to the remainder. The causes for the demurrer are alleged to be that the defenses set out in the amended bill could have been proven in the common-law suit and that no fact or legal reason is alleged as to why they were not made in said action.

In its answer, appellee denied that the cause was not reinstated until the January term, 1919, and that no notice was given to appellant of its intention of reinstating said cause but averred that a written notice was sent by mail in a registered letter March 28, 1917, to E. A. Richardson, attorney for appellant, notifying him that the remanding order of the Appellate Court was filed in the circuit court of Coles county March 28, 1917, and that it would on the 16th day of April, 1917, ask to have the said cause reinstated therein; that a return receipt was demanded on the registered letter and was returned to the attorneys for appellee bearing the signature of said Richardson; that at the April term, A. D. 1917, of said court said cause was in fact reinstated and placed upon the trial docket, but that the presiding judge failed to enter upon his docket any order reinstating the same and that counsel for appellant had notice that said cause had been reinstated and placed upon the trial calendar and that counsel for appellee received a letter from the solicitors for appellant dated April 18, 1917, as follows:

"Vause, Hughes & Kiger, Attys.,
        Mattoon, Illinois.

"Gentlemen:

"Attention:—Mr. Kiger.

"The writer of this letter was over to Charleston today looking into the case of W. J. Elzy et al. vs. First National Bank of Findlay, Illinois, garnishee, and failed to find any such case on the judge's docket.

"I noted a case of W. J. Elzy et al. vs. Sullivan First National Bank, garnishee, and thought it might be that some mistake had been made in redocketing the case. If this case is to be tried this term, it would be impossible for us to do anything with it before the week of April the 30th. We would be tied up in court in other places until that time.

"Will you kindly advise us if you are going to try this case this present term, and, if so, will you be kind enough to notify us on the day it is set, so that we may have a week's notice of the setting prior to the trial.

"We were just employed in this case today by the First National Bank and would like the above concession on that account. If you will do us the favor of giving us an early reply to this letter, it will be greatly appreciated.

                        Very truly yours,
                            W., W. & P.
                        ROBT. I. PUGH."

That in response to said letter, solicitors for appellee wrote to said solicitors for appellant a letter in which they stated that they would continue the case for the term; that appellant is not entitled to any relief in equity.

The proofs show that Richardson received the registered letter inclosing the notice that appellee would ask to have said suit at law reinstated on April 16, 1917, but there is some doubt as to whether Richardson at this time was representing appellant as its attorney, although he testified that he was so acting when he received the registered letter, and it was not until after he received the letter that, on account of sick-

ness in his family, he withdrew from the case. J. E. Dazey, president of appellant, testified that Richardson withdrew from the case shortly after the opinion in the Appellate Court was rendered, which was in 1915. The record conclusively shows that the cause was not redocketed until the January term, 1917. Neither the record itself nor the judge's minutes show that any motion to redocket the cause was made on April 16, 1917, or at any other time until the January term, 1919, when the record shows the cause was actually redocketed. The bill alleges, and the answer admits, that the remanding order was filed with the clerk of said court, but neither the bill nor the answer alleges any date when it was so filed. We have diligently searched the record and the bill of exceptions in an attempt to find this remanding order or any record of its having been filed, but our efforts have been unavailing. If this remanding order has never been filed or was not filed within 2 years after the judgment of the Appellate Court was rendered on the appeal, then the circuit court had lost all jurisdiction of the law case at the time the trial was had. (Hurd's Rev. St. ch. 110, sec. 114, J. & A. ¶ 8651.) However, as it seems to be conceded by counsel for appellant and appellee that the remanding order was at some time filed and no point has been made that it was not, we will presume, for the purposes of this appeal, that it was filed within the time limited.

Section 113 of the Practice Act (Hurd's Rev. St. ch. 110, J. & A. ¶ 8650) provides that upon a transcript of the order of the Appellate Court remanding a case being filed in the trial court and not less than 10 days' notice thereof being given to the adverse party or his attorneys, the case shall be reinstated therein. It is contended by appellant that where the statute provides for notice and does not say how it shall be served, the service must be personal, and that service of a notice to reinstate a case, the judgment in which

has been reversed by the Appellate Court, must be served personally upon the adverse party or his attorney and that service of such a notice upon an attorney by registered mail is not in compliance with the statute and does not confer jurisdiction upon the person. The filing of the remanding order in the trial court confers upon that court jurisdiction of the cause but not of the parties. Jurisdiction of the parties can only be obtained after a reinstatement of the case upon the docket of the trial court after the notice provided by statute has been given. An unbroken line of the decisions in this State holds that where the statute does not designate how such a notice must be served, that personal service thereof is necessary. A very able review of the authorities upon this question is found in the opinion in the case of *Haj v. American Bottle Co.*, 261 Ill. 362. It is conceded by counsel for appellee that the above is the universal rule, but it is contended, however, that the statute is complied with where it is shown that a notice was mailed and actually received by the party to be notified or by his attorney, and they cite the case of *Kinkade v. Gibson*, 209 Ill. 246, as sustaining their position. In the latter case, the proofs showed that the administrator, to whom the notice was sent by mail, received it and took it to the attorney who sent it and the latter explained it to him and the court held that these facts comprised personal service. In the *Haj* case, *supra*, the court commented upon the *Kinkade* case and held that it was not in conflict with the other decisions in this State. In the *Haj* case, a notice for an attorney's lien was attempted to be served by mailing the same and there was a controversy as to whether it was actually received by the party for whom it was intended. The court held: "If the letter was received or was not, it is a question of law whether service of notice by mail is a compliance with the statute." It is also insisted by appellant that the letter written by the at-

torneys for appellee shows that they knew that the case had been redocketed and that their request for a continuance waived all defects in the service of notice. The letter does not show that appellant's solicitors had any such knowledge for two reasons: First, they state they could not find any such case on the docket and second, there was no such case on the docket. Neither does the letter establish any waiver on the ground that it asks for a continuance of the case. It simply requested information from the solicitors for appellee as to whether they intended to try the case at the then present term of court, and, if so, whether they would give them a week's notice of the time it should be set for trial. No continuance of the case was asked for and counsel for appellant were, unquestionably at that time, laboring under the impression that the case had, in fact, been redocketed, but that they, for some reason, had failed to find it on the docket. The proofs show that nothing had been done towards redocketing the case in the trial court until the January term, 1919, and that, at that time, without any notice to appellant or its solicitors, appellee caused the case to be redocketed, appellant defaulted and judgment rendered against it. If it be conceded that the notice sent by registered mail to appellant's then solicitor Richardson was proper notice, the record shows appellee took no steps to comply with it and to have the case redocketed on the day named therein, April 16, 1917, nor for several years thereafter. The force and vitality of this notice expired on the 16th day of April, 1917. It did not extend *ad infinitum* to be taken advantage of at some time in the future at the convenience of the party serving the notice and without the knowledge, and to the injury, of the party entitled to the same. The object of a notice of this character is to give the opposite party knowledge of the time when the action of the moving party will be taken in court so that he may be present and protect

his rights if necessary, at that time. If a party desires to serve a notice that at a certain time in a certain cause he will take a certain action before the court and then fails to take such action at that time, but afterwards, when the opposite party has had no opportunity of being present, should take such action pursuant to such notice, the very object of the notice would be defeated. When appellee failed to have the case reinstated on the day mentioned in the notice, he abandoned the notice and the circuit court had no jurisdiction to reinstate or redocket the case until another notice had been properly given pursuant to the statute. The redocketing of the case at the January term, 1919, without any notice to appellant was void as is also the judgment and all other proceedings had pursuant thereto, as the court was without jurisdiction to redocket the case, proceed with the trial or enter the judgment.

The decree of the circuit court is reversed and the cause remanded with directions to enter a decree in conformity with the prayer of the amended bill.

*Reversed and remanded with directions.*