### R. H. Eastwood, Appellee, v. Road District No. 5 et al., Appellants.

1. MECHANICS' LIENS—*service of notice of claim on commissioner of highways by mail insufficient.* Service of notice of claim for the value of materials furnished to a road contractor must be made personally on the commissioner of highways under Mechanics' Liens Act, sec. 23, Cahill's Ill. St. ch. 82, ¶ 23, requiring notice of claim to be served on the proper township official, notwithstanding the act is silent as to the manner of service; and service of such notice by mail is insufficient even though the receipt of such notice is admitted by the commissioner.

2. MECHANICS' LIENS—*contract price of public improvement as limit of liability for lien under abandoned contract.* One who furnished sand and gravel to a highway contractor who abandoned the work before completion of the contract is not entitled to a lien for his unpaid balance where the cost of completion by the road district after abandonment exceeded the contract price.

Appeal by defendants from the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1923. Reversed. Opinion filed July 2, 1923.

P. J. KOLB and M. J. WHITE, for appellants.

CREIGHTON & THOMAS and C. O. ELLIS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

In August, 1915, Hoffman, Townsend & Company contracted with Road District No. 5 to construct about twenty-one miles of gravel road for $60,000. Appellee furnished the contractors with sand and gravel of the value of $2,914.20, upon which he was

paid $1,000. On October 23, 1920, appellee mailed the commissioner of highways a notice of his claim for $1,914.20, and the commissioner admitted on the witness stand that it was delivered to him by the postman. On November 16, 1920, appellee filed his bill for a lien on any funds due the contractors and procured a decree for the amount of his claim with interest.

Appellants contend that the mailing of the notice was not a lawful service thereof even though it was actually received. Appellee argues that as the statute does not require it to be delivered or served by a designated person or officer it is immaterial how it was received; that proof of the actual receipt of the notice meets the requirement of the statute.

The statute in question is section 23 of the Mechanics' Liens Act [Cahill's Ill. St. ch. 82, ¶ 23] and is as follows: "Any person who shall furnish material * * *, to any contractor * * * for public improvement in this State, shall have a lien on the money, bonds or warrants due or to become due such contractor for such improvement: *Provided,* such person shall, before payment or delivery thereof is made to such contractor, *notify* the officials of the * * * township, * * * whose duty it is to pay such contractor of his claim by a *written notice.* * * * It shall be the duty of such official so *notified* to withhold a sufficient amount * * *. Any officer violating the duty hereby imposed upon him shall be liable on his official bond to the person *serving such notice* * * *. There shall be no preference between the persons *serving such notice,"* etc.

It will be observed that the statute requires the proper public official to be notified of the claim by a written notice before any duty devolves upon him. If he fails to perform his duty after he has been notified, his liability is to the person *serving* such notice, and there is to be no priority between persons *serving*

such notices. There is no escape from the conclusion that the service of a written notice is required and the statute is silent as to the mode or manner in which it shall be served. The law is well settled that in such cases there must be personal service. *Chicago & A. R. Co. v. Smith,* 78 Ill. 96; *Wilson v. Lowmaster,* 181 Ill. 170; *Haj v. American Bottle Co.,* 261 Ill. 362; *O'Brien v. Lynch,* 90 Ill. App. 26; *Klaproth v. Greenberg,* 169 Ill. App. 477; *First Nat. Bank of Findlay v. Farmer's Bank of Gays,* 219 Ill. App. 624.

Service by mail is insufficient, even though the notice is actually received. *Carney v. Tully,* 74 Ill. 375; *Haj v. American Bottle Co.,* 261 Ill. 362; *Boggess v. Pennell,* 46 Ill. App. 150; *Peck v. Hinds,* 68 Ill. App. 319; *O'Brien v. Lynch,* 90 Ill. App. 26; *Sykes Steel Roofing Co. v. Bernstein,* 156 Ill. App. 500.

In *Haj v. American Bottle Co., supra,* the notice in question was required by the Attorney's Lien Act. There was evidence that the notice was properly mailed and rebuttal evidence tending to show that it was never received. The court said: "If the letter was received or was not, it is a question of law whether service of notice by mail is a compliance with the statute," and then proceed to hold that service by mail is not sufficient even though the notice is shown to have been received.

We are of the opinion that under the cases above cited appellee did not meet the requirements of the statute by mailing notice of his claim. In the summer or fall of 1919, the contractors became financially embarrassed and abandoned the work before it was completed. Up to that time the county superintendent of highways had made and certified estimates of work done from time to time in accordance with section 120 of the Road & Bridge Act [Cahill's Ill. St. ch. 121, ¶ 129] and the terms of the contract. Such estimates amounted to $62,078.85, and the commissioner had then paid the contractors $48,125.79, which was less

than 80 per cent of the estimates but a little more than 80 per cent of the contract price.

During the summer and fall of 1920, the commissioner procured labor and material and completed the improvement. That cost the road district $13,013.38, which, added to the $48,125.79 previously paid to the contractors, made the total cost of the improvement $61,139.17, or $1,139.17 more than the original contract price. When appellee served his notice on October 23, 1920, the commissioner had paid out about $7,000 of the $13,013.38 that was required to complete the contract, and after the improvement was completed and paid for there was no money due the contractors and yet the trial court decreed that the road district should pay appellee's claim with interest.

The general rule is that where the original contractor abandons his contract and fails to carry it out, it is necessary to prove that after allowing the owner credit for all amounts rightfully paid the contractor, as well as the necessary expense of completing the improvement, there still remains a portion of the contract price before a subcontractor is entitled to a lien, or to hold the owner liable. In other words, the owner is not liable, ordinarily, for more than the contract price. *Biggs v. Clapp,* 74 Ill. 335; *Hansen v. Muldoon,* 210 Ill. App. 513; *Decatur Bridge Co. v. Standart,* 208 Ill. App. 592.

We are of the opinion that appellee failed to show any valid reason why the road district should be required to pay his claim after it had paid more than the contract price for the completed improvement. The decree is reversed.

*Reversed.*