# THE CHICAGO AND ALTON RAILROAD COMPANY

*v.*

# IRWIN Z. SMITH.

1. RIGHT OF WAY—*when statute requires notice to owner, one to holder of life estate, then deceased, not good as to remainder-man.* Where the charter of a railway company required notice, by publication, to the owner or occupier, or unknown owners of land sought to be condemned, of the application to appoint commissioners, and the company publishes such notice as to one who had held a life estate only, but who was dead, not

naming the remainder-man, it was *held*, that the subsequent proceedings condemning the land for right of way were not binding upon the remainder-man, and that he might recover the land appropriated, by ejectment.

2. SAME—*when notice must designate owner.* A charter of a railway company authorizing the condemnation of land for right of way, upon giving notice by publication for thirty days, "to the owners or occupiers, or unknown owners, as the case may be, of the intention" to apply for the appointment of commissioners, etc., requires that the notice shall be given specifically to the owner or occupier, if known,—if not, to unknown owners by that designation. A general notice, in such case, will not be sufficient.

3. NOTICE—*how to be given.* Where a notice is required by statute, and the mode of service is not specified, it must be personal; and usually, when notice is required by publication, it must be directed to the person, by name, who is required to be notified.

4. SAME—*to deprive a party of rights.* It is a rule of general application, that a party can not be deprived of his rights without having notice and an opportunity to be heard. When the proceeding is summary, and the notice only constructive, the courts will never abridge the right to notice, or substitute another for it.

5. RIGHT OF WAY—*statute must be strictly observed.* A proceeding to condemn land for right of way being an extraordinary and summary remedy, the party exercising the power must strictly observe all the requirements of the statute under which he acts.

6. EJECTMENT—*demand when not required.* Where a condemnation of land by a railway company is void for want of a proper notice, or defect in the proceedings, and the company has notice that the owner claims the same, and of the grounds of his claim, and finally informs him he will have to sue if he gets anything, even if a demand were necessary, this will obviate the necessity of any formal demand before bringing ejectment.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

This was an action of ejectment, by Irwin Z. Smith against the Chicago and Alton Railroad Company, to recover certain real estate occupied by the defendant as a right of way. The opinion of the court states the facts of the case sufficiently to an understanding of the points decided.

Mr. WM. J. TEWKESBURY, for the appellant.

Messrs. GILLESPIE & SMITH, for the appellee.
     7—78TH ILL.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This case was previously before this court, and is reported in 67 Ill. 191. It was there held, that the action of ejectment for the recovery of this land could be maintained. It was also held, that appellee had shown a title in fee, and he produced and read in evidence, on the trial in the court below, the same title.

On the trial in the court below, appellant introduced the publisher of the newspaper in which the notice was published, and he testified to its publication as required by the statute, and it is contended that, from it and the subsequent proceedings of the commissioners, the title of not only Matthew Kerr, but of those holding in remainder, was vested in the railroad company. As Matthew Kerr died in 1857, and his life estate thereby terminated, it is wholly unimportant to inquire whether the company acquired his title or not, as in this proceeding it can have no effect.

The controlling question in the case is, whether the notice of the intended application to the Governor for the appointment of three commissioners to appraise the land was such as to operate upon or bind those holding the remainder in fee. The notice is alone to Matthew Kerr. Elizabeth Kerr and Mary K. Knox are not named in it. The notice names Matthew Kerr as the owner of this land and another tract. Some of the tracts described are stated to belong to unknown persons, and some to heirs. But it is now insisted that the charter did not require the owner to be named in the notice, and that naming Kerr was unnecessary and an useless act, which in nowise affected the sufficiency of the notice to third persons not named therein. The requirement of the charter under which this notice was given, is this: "Notice by publication in some newspaper in St. Clair county shall be first given for thirty days to the owners or occupiers, or unknown owners, as the case may be, of the intention on the part of the

said corporation to apply to the Governor for the appointment of commissioners, as herein provided," etc.

A fair and reasonable construction of this provision manifestly requires that the notice shall be given specifically to the owner or occupier, if known. If not, then to unknown owners by that designation. Had a general notice, naming no person, been intended, very different language would have been employed. It would have been to all persons having an interest, or all persons desiring to contest the proceeding, or other general terms. But here there are three classes of persons named who must be notified. First, owners; second, occupiers; and third, unknown owners. The persons occupying the land could be known by going on the premises and making inquiry. That was easy and simple, and none could be misled. The owners could generally be ascertained by examining the record of deeds for the land. But if, on inquiry, it was found that the last grantee of record was dead, and the names of his heirs were unknown, and could not be learned, then they could have been described as unknown owners. This was manifestly the intention of the law-makers in adopting this statute.

When a notice is required, and the mode of service is not specified, the law requires that it shall be personal. And usually, when the notice is required by publication, it must be directed to the person by name who is required to be notified. Such has uniformly been the construction placed upon the Chancery Act, the Attachment Act, and proceedings of that character. The Statute of Wills, R. S. 1845, sec. 103, provides that, on an application for the sale of real estate, all persons interested in the real estate proposed to be sold, shall be notified to appear, and show cause why it should not be sold. Under that section, owing to the general terms of the law, it was held, that the notice need not specifically name any person. But that was based on the phraseology of that statute.

It is a rule of general application, that a party can not be

deprived of his rights without having notice and an opportunity to be heard. And when the proceeding is summary, and the notice is only constructive, courts will never abridge the right to notice, or substitute something else in the place of that required by the statute. Again, the person acting for, and who was president of the company, gave the construction to the law that the notice must name the owner, as that was the mode adopted. And this seems to us to be the natural and obvious meaning of the law.

Nor was there any hardship in requiring the company to learn the names of the owners of the lands they desire to condemn. They had but to examine the record of deeds to have possessed themselves of the requisite information. They could have done so with but little effort, trouble or loss of time. Whilst all persons at that day were desirous to see railroads constructed, it was not intended that it should be done at the sacrifice of all private rights. Those acting for the company knew, or should have known, that, in acquiring their right of way, they were pursuing an extraordinary and summary remedy, and, in doing so, the law imperatively demanded that they should observe all of the requirements of the statute under which they were acting. And this is a requirement that lies at the foundation of our system of jurisprudence. It is elementary, and familiar to all.

The requisite notice to the grantors of appellee was not given, and their title was therefore unaffected by the proceedings to condemn this land. The requirements of the statute were not observed, and their title could not be affected otherwise, unless by their consent.

It is said that the action could not be brought until a notice to quit was first given. Appellee had called the attention of the superintendent and attorney of the road to his claim, long before he brought his suit, and had a long correspondence on the subject. He fully and unequivocally stated his claim to them, and they asked for and received time to investigate the nature of his claim. He had been

negotiating and endeavoring to settle with the various companies for many years. They, he says, never denied his title, and finally, appellant's attorney almost defiantly told him to sue, if he desired.

What is the object of a demand of possession, in this class of cases? It is, that the tenant who has come in under the life estate, may know that his estate has terminated by the death of his landlord, and that he may learn to whom to surrender the premises. Of all this, appellant was notified for years before suit was brought. Not only so, but its attorney informed appellee that he could only obtain his rights, if he had any, by suit. If this was not a sufficient demand, it would be hard to conceive what would be more effectual. One more formal might, it is true, have been given, but surely not better or more effectual in substance.

We perceive no error in this record, and the judgment of the court below is affirmed.

*Judgment affirmed.*