## JOHN J. WILSON

*v.*

## ALFRED LOWMASTER.

*Opinion filed October 13, 1899.*

1. JUDICIAL SALES—*when service of notice of judgment against decedent is insufficient to authorize execution sale.* An execution sale of the lands of a decedent, made upon written notice to the heirs under section 39 of the act on judgments, as amended in 1875, (Laws of 1875, p. 86,) is invalid, where the notice to one of the resident heirs was not personally served or sent by mail, but was delivered to a member of her family.

2. EVIDENCE—*plaintiff in ejectment relying on an execution sale must prove compliance with statute.* A plaintiff in ejectment claiming under an execution sale of the land of a decedent made upon notice to the heirs under section 39 of the act on judgments, has the burden of showing that the notice was given as required by statute.

APPEAL from the Circuit Court of Coles county; the Hon. FRANK K. DUNN, Judge, presiding.

NEAL & WILEY, for appellant.

JAMES W. & EDWARD C. CRAIG, (HENLEY & HENLEY, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action of ejectment brought by the appellant, against the appellee, to recover a tract of land in Coles county. There was a judgment for the defendant and the plaintiff appealed.

In the lifetime of Harvey B. Worley, who was the owner of the land, Charity Wilson obtained a judgment against him for $1500. After his death Amanda T. Worley was his administratrix and settled his estate and was discharged. After her discharge Charity Wilson gave to her, as such administratrix, in pursuance of section 39 of the act relating to judgments, (Hurd's Stat. 1897, p. 983,) written notice of the existence of the judgment against

her intestate, in order that she might have execution issued upon the judgment. After the expiration of the three months as provided by the statute, execution was issued upon the judgment and the land in question was levied upon and sold to the plaintiff. Afterward, learning that the estate had been settled and that the administratrix had been discharged before the notice was given, Charity Wilson by her motion caused the sale to be set aside by the court and thereupon undertook to give notice of her said judgment to the heirs-at-law of the said Harvey B. Worley, as provided in said section 39 in cases where there is no executor or administrator of the estate. Said section provides for the sale of the real estate of the judgment debtor without reviving the judgment, upon execution to be issued after the expiration of twelve months after his death, but that no sale shall be made on such execution "until the person in whose favor the judgment or decree is sought to be enforced shall give to the executor or administrator, or, if there be neither, the heirs of the deceased, at least three months' notice of the existence of such judgment or decree before issuing execution or proceeding to sell, which notice shall be in writing when the parties required to be notified reside or may be found within the State and their place of residence known, otherwise publication notice shall be given in the manner directed for chancery proceedings in sections 12 and 13 of an act entitled 'An act to regulate the practice in courts of chancery,' approved March 15, 1872."

The affidavit of the plaintiff was filed with the clerk of the court, stating the names and residence of the heirs of Harvey B. Worley, in attempted compliance with section 12 of chapter 22 of the Revised Statutes, relating to notice in chancery practice. Notice was then given to the non-resident heirs by publication and mail, which appellee contends was not given as the statute requires; but as we have reached the conclusion that the notice

to one of the resident heirs was insufficient we need not consider whether the notice to the others was sufficient or not. Upon the second execution sale appellant purchased and obtained a sheriff's deed.

The evidence shows that Edna Curry was one of the heirs and that she resided at Ashgrove, in this State, and that the plaintiff went to her place of residence and delivered the written notice, or a copy thereof, to "a member of her family." The evidence shows nothing more than this as to notice to her. Under the statute no execution could issue until written notice had been given to her, as she resided in this State. The service of this notice should have been personal. (*Chicago and Alton Railroad Co.* v. *Smith,* 78 Ill. 96.) The statute makes no provision for the service of such a notice by delivering it to a third person, though a member of her family, nor for any form of substituted service, and no presumption arises that she received it. Whether, in the absence of evidence to the contrary, such a presumption would arise as to other heirs, residents of this State, to whom written notices were sent, in letters properly stamped and addressed, through the mails, it is not necessary to consider, for the reason that the failure to give the required notice to one of the heirs was a failure to comply with a statutory condition necessary to the validity of the execution and sale. It is only by statute that an execution can issue in such a case, and it can issue and have force only upon compliance with the statute. The plaintiff could recover only upon the strength of his own title, and the burden was on him to prove that the notice was given as required by the statute. In this he failed.

The judgment of the circuit court must be affirmed.

*Judgment affirmed.*