ADAM RABI HAJ vs. THE AMERICAN BOTTLE COMPANY, Appellant.—(JAMES J. CONWAY, Appellee.)

*Opinion filed December 17, 1913—Rehearing denied Feb. 5, 1914.*

1. ATTORNEYS' LIENS—*Attorney's Lien act must be strictly followed.* The Attorney's Lien act creates a liability unknown before the passage of the act, and the provisions of the statute must be strictly followed in order to establish such liability.

2. SAME—*there must be personal service of notice by attorney upon party sought to be held.* The Attorney's Lien act, which requires an attorney to serve notice, in writing, upon the party against whom his client has a claim, stating the attorney's interest therein, does not specify how such notice shall be served, and hence personal service of the notice is required and notice by mail is not sufficient.

APPEAL from the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of LaSalle county; the Hon. EDGAR ELDREDGE, Judge, presiding.

BOYS, OSBORN & GRIGGS, for appellant.

MAURICE T. MOLONEY, and HENRY M. KELLY, (JAMES J. CONWAY, *pro se,*) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Adam Rabi Haj, a boy under the age of twenty-one years, had a claim against the appellant, the American Bottle Company, for damages on account of a personal injury received while employed by it, and on March 19, 1912, he and his father, Sam Haj, entered into a written contract with the appellee, James J. Conway, by which it was agreed that the appellee should institute and prosecute a suit, and in case of recovery should receive for his fees one-third of any judgment that might be collected or one-third of any amount which would be received in settlement. The next

day the appellee commenced a suit in the circuit court of LaSalle county in the name of the minor, by his father as next friend, against the appellant, as he had agreed to do. A settlement was agreed upon between the appellant and the minor and his next friend, and the parties went to Ottawa for the purpose of completing the settlement in the court. The appellee was sent for but could not be found, as he was absent from the State. A jury was empaneled and for the purpose of the settlement some evidence was heard, and there was a verdict for the plaintiff for $1000, on which judgment was entered, and it was paid. During the same term the appellee filed his petition claiming a lien upon the judgment for one-third of the amount in payment for his legal services. The court found that he was entitled to the lien and entered judgment against the appellant for $333.33. The judgment of the circuit court was affirmed by the Appellate Court for the Second District, and that court granted a certificate of importance and an appeal to this court.

On the hearing of the petition the appellee proved that he sent a written notice from Ottawa to the appellant at Streator, where it was located, by mail, enclosed in an envelope properly stamped and addressed and postage prepaid, on the day the contract was made. The evidence for the appellant was that no one was authorized to receive or open mail for it except the president, the superintendent and a book-keeper employed in the office to assist the president, and they all testified that they never received the letter. If the letter was received or was not, it is a question of law whether service of notice by mail is a compliance with the statute.

The act creating attorneys' liens and for enforcement of the same provides for a lien for the amount of any fee which may have been agreed upon by and between such attorneys and their clients, or, in the absence of such agreement, for a reasonable fee: *"Provided, however,* such at-

torneys shall serve notice in writing upon the party against whom their clients may have such suits, claims or causes of action, claiming such lien and stating therein the interest they have in such suits, claims, demands or causes of action." (Laws of 1909, p. 97.) In *Carney* v. *Tully,* 74 Ill. 375, where the question was whether the plaintiffs had brought themselves within the provisions of the Mechanic's Lien statute, which provided that the party claiming a lien should cause a notice to be served upon the owner, lessee or his agent, the court said: "Service of a written notice always means actual, personal service." In *Chicago and Alton Railroad Co.* v. *Smith,* 78 Ill. 96, where the validity of a notice was in question, the court said: "When a notice is required and the mode of service is not specified, the law requires that it shall be personal." In Wade on Law of Notice the author says (sec. 1334): "In general, however, where notice is required by statute or rule of court and the method of serving the same is not laid down, it is understood that there shall be *personal* service." And again (sec. 1342): "We have seen that when the manner and mode of service is not pointed out by the statute, *personal* service is generally understood." In *Wilson* v. *Lowmaster,* 181 Ill. 170, it was a question whether notice had been properly served under a statute requiring three months' notice to the executor or administrator or heirs of a deceased judgment debtor of the existence of a judgment or decree before issuing execution or proceeding to sell. It was held that the notice to one of the resident heirs was insufficient, and the court said: "Under the statute no execution could issue until written notice had been given to her, as she resided in this State. The service of this notice should have been personal,"—citing *Chicago and Alton Railroad Co.* v. *Smith, supra.* That decision was not departed from in *Kinkade* v. *Gibson,* 209 Ill. 246. The case arose under the same statute requiring notice to the administrator, executor or heirs, and the court said: "'The

statute does not specify a different mode of service of the notice, and therefore it must be personal,"—again citing *Chicago and Alton Railroad Co.* v. *Smith.* It was held that the evidence that the notice was mailed was not sufficient, but the administrator received a notice and took it to the attorney who sent it, and the attorney explained it to him. That was held to be a compliance with the statute as personal service. That decision is not authority for saying that the mailing of a notice is sufficient if the notice is received. In the Encyclopedia of Pleading and Practice (vol. 19, p. 614,) the author of the chapter on Service of Process and Papers says: "The general rule in regard to the service of process or legal notice is, that it must be served personally on the party or the individual in question, unless some other mode is specially provided for that purpose by statute or has been otherwise established by long and recognized practice to the contrary." In 29 Cyc. 1119, it is said: "Where a statute directing notice to be given is silent as to the manner of giving it, personal service is necessary." In the American and English Encyclopedia of Law (vol. 21, 2d ed. p. 583,) the rule is stated as follows: "Where a statute requires the giving of notice and there is nothing in the context of the law or in the circumstances of the case to show that any other notice was intended, personal notice must always be given."

There are statutes which authorize giving notice by mail, and that method being provided, a compliance with the statute is sufficient. (*Bickerdike* v. *Allen,* 157 Ill. 95.) There are also situations where there is no statute, and in order to relieve a party from further liability, as in the case of the dissolution of a partnership or withdrawal of a member, the law requires notice to persons who have been dealing with the firm, and in such a case proof of notice by mail is *prima facie* evidence that the notice has been received, but the presumption may be rebutted. (*Meyer* v. *Krohn,* 114 Ill. 574; *Young* v. *Clapp,* 147 id. 176.) De-

cisions under statutes prescribing notice by mail or where there is no statute requiring any notice can have no influence in the decision of this case. The statute creating the attorney's lien creates a liability unknown before the passage of the act, and where that is the case the statute must be strictly followed. It requires notice, differing in that respect from the statute in New York and perhaps other States, and as it specifies no other method of service, personal service, under all the authorities, is required. The appellee not having complied with the statute creating the lien is not entitled to one.

The judgment of the Appellate Court and the order of the circuit court are reversed and the cause is remanded to the circuit court.                    *Reversed and remanded.*