**PRODUCERS' OIL CO. v. DANIELS.**
(No. 513–3950.)

(Commission of Appeals of Texas,. Section A. March 19, 1924.)

**Master and servant** &⇒358—**Employé held to have personal notice required by Workmen's Compensation Law.**

Where employer presented employé with notices that it had provided for payment of compensation for personal injury to employé under Acts 1913, c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and had contracted with employers' association for payment of indemnity, and secured the employé's signature acknowledging that he had received a copy of the notice together with an agreement to accept compensation for injuries, it must be held that the employer gave the employé such personal notice as the law required.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by Clyde Daniels against the Producers' Oil Company. From a judgment of the Court of Civil Appeals (249 S. W. 308) affirming a judgment for plaintiff, defendant brings error. Reversed and rendered.

Harry P. Lawther, of Dallas, and Kay, Akin & Kenley, of Wichita Falls, for plaintiff in error.

Taylor, Allen & Taylor and Wartland and Parrish, all of Henrietta, for defendant in error.

BISHOP, J. Defendant in error, Clyde Daniels, sued the plaintiff in error, Producers' Oil Company, alleging damages for personal injuries caused through the negligence of said company, his employer, in furnishing him a defective ladder on one of its oil derricks, from which, in the course of his employment, he fell and was injured. Plaintiff in error in its answer alleged that at the time of the injury it had provided for payment of compensation for personal injuries to its employés, under chapter 179 of the Acts of 1913 (Vernon's Sayles' Civil Statutes 1914, arts. 5246h to 5246zzzz), and, before defendant in error was employed, and prior to such injury, it had complied with all the requirements of said law, and had contracted with the Texas Employers' Association for the payment of indemnity to its employés injured in the course of their employment; that prior to said injury it had given to defendant in error notice, in writing, of said facts as required by law, and that immediately after said injury, and within the time required by law, it gave notice, in writing to the State Industrial Accident Board, through its proper officers, "informing said Board of the date and nature of said accident and the circumstances under which it happened."

On the trial it was agreed that plaintiff in error, "during the years of 1915 and 1916, had procured and continuously had in force a policy and contract of insurance with and from the Texas Employers' Insurance Association at Dallas, Tex., and had paid the premium in advance, and that such policy was in force during all of the said years 1915 and 1916, which insurance was Employers' Liability Insurance in accordance with the Employers' Liability Act, approved April 16, 1913, of the Texas Legislature," and "that within the time required by law Producers' Oil Company reported the accident sustained by Clyde Daniels, otherwise known as T. C. Daniels, to the Industrial Accident Board of the state of Texas at Austin, Tex.,

in due form and on one of the forms provided by said Board."

Defendant in error was injured on the 14th day of September, 1916, while working on the rig and helping to drill a well.

Plaintiff in error introduced in evidence two notices, together with the acknowledgments and agreements, signed by defendant in error, marked Exhibits D1 and D2.

Exhibit D1 is as follows:

"C257 15 ,44 Notice. As required by chapter 179 of the Acts of 1913 of the Legislature of the state of Texas, entitled,·'An act relating to employers' liability and providing for the compensation of certain employés and their representatives and beneficiaries for personal injuries sustained in the course of ,employment and for death resulting from such injuries, etc., this will give you notice that· Producers' Oil Company has provided for payment of compensation for such injuries to its employés under said act with the "association" as provided in said act. (This notice is given in duplicate, one copy to be retained by employé; the other copy must be dated and signed by employé and returned to the legal department at Houston, Texas.)                    Producers' Oil Company,
                    "By R. E. Brooks, President.

"I acknowledge receipt of my copy of above notice, this the 8th day of April, 1915, and agree in case of injury to accept compensation under above law and waive all action for damages.              Clyde Daniel, Employé."

Exhibit D2, is exactly the same as Exhibit D1 down to the last clause, which reads:

"I acknowledge receipt of my copy of above notice this the 1st day of Dec. 1915, and agree in case of injury to accept compensation under above law and waive all action for damages.
                    "Clyde Daniel, Employé.

"Employed at Electra, Texas. Age 27. Case of injury, notify T. D. Daniels, Petrolia, Texas."

Defendant in error admitted that he signed the acknowledgment of receipt of notices and agreements. He stated that he would not say that a copy of the notices were not delivered to him, and testified that he had no recollection of ever receiving notice of any kind that his employer was carrying insurance in any concern for him.

The trial court submitted the case to a jury on special issues, and on the verdict rendered judgment for defendant in error, which was by the Court of Civil Appeals affirmed. 249 S. W. 308.

Plaintiff in error insists that the trial court should have instructed a verdict in its favor on request therefor, and that the Court of Civil Appeals erred in refusing to so hold.

We adopt from the opinion of Judge Gallagher in the instant case, 244 S. W. 117, in answer to a certified question, the following:

"The cause of action asserted in this case arose while chapter 179 of the Acts of 1913,

our original Workmen's Compensation Law, was in force. Section 3 of part 1 of that act (article 5246i) provides that the employés of a subscriber shall have no right of action against their employer for damages for personal injuries, but such employés shall look for compensation solely to the Texas Employers' Insurance Association provided for in said Act. Section 19 of part 3 of that act (article 5246x), is as follows: 'Every subscriber shall, as soon as he secures a policy give notice, in writing or print, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association.' Section 20 of part 3 of said act (article 5246xx), in substantially the same language, requires the giving of such notice to all persons with whom the employer is about to enter into a contract of hire.

"The statute in general terms requires the giving of written or printed notice by a subscribing employer to his employees that he has provided for payment of compensation for injuries with the association. It does not prescribe how such notice shall be given. When a statute directs that notice in writing shall be given, but is silent with reference to the manner of giving the same, personal service of such notice or a copy thereof upon the person to whom it is to be given is necessary. 29 Cyc. p. 1119, 20 R. C. L. p. 343, § 4; Haj v. American Bottle Co., 261 Ill. 362, 103 N. E. 1000, and Ann. Cas. 1915A, 220, and note, 222; C. & A. R. R. Co. v. Smith, 78 Ill. 96; Ellis v. Carpenter, 89 Iowa, 521, 56 N. W. 678; City of Sedalia v. Gallie, 49 Mo. App. 392; McDermott v. Board, etc., 25 Barb. 635, 646, 647; Rathbun v. Acker, 18 Barb. 393; Williams v. Brummel, 4 Ark. 129.

"The giving of the notice required by the statute by a subscribing employer to his employé vitally affects them both. The employer is thereby relieved of liability to his employee receiving the same for damages for personal injuries suffered by such employé in the course of his employment, notwithstanding such injuries may have been caused by the negligence of such employer or his servants. The employee who continues in the service of a subscribing employer after such notice waives or surrenders his cause of action against such employer for such damages, and is required to look alone to the insuring association for compensation therefor. Batson-Milholme Co. v. Faulk (Tex. Civ. App.) 209 S. W. 837, 841, writ of error refused by Supreme Court, 109 Tex. 480, 211 S. W. 972; Poe v. Continental Oil & Cotton Co. (Tex. Com. App.) 231 S. W. 717, 719, par. 1."

We think, in presenting to defendant in error the above-quoted notices, and· in securing his signatures acknowledging that he had received copies thereof, together with his agreement to accept compensation for such injuries as he might sustain from the asso-· ciation as provided by law, the plaintiff in error gave him such personal notice as the law requires. The jury should have been instructed to return a verdict in favor of plaintiff in error.

We therefore recommend that the judgments of both the Court of Civil Appeals and

District Court be reversed, and judgment rendered for plaintiff in error.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.