Edward J. Hunt, Appellee, v. Monika Bell, Appellant.

Gen. No. 33,880.

Opinion filed May 14, 1930.

CATTELL & WALDRON, for appellant.

No appearance for appellee.

MR. PRESIDING JUSTICE WILSON delievered the opinion of the court.

Edward J. Hunt, plaintiff, filed his action in the superior court of Cook county, in which Monika Bell was named as defendant. December 21, 1928, this case was dismissed for want of prosecution. July 11, 1929, said order of dismissal was vacated and the cause reinstated. The order to reinstate was entered after the term at which the suit was dismissed, based on a motion under section 89 of the Practice Act, Cahill's Revised Statutes, chapter 110, ¶ 89. The motion was supported by a petition filed in said cause and service was had upon the defendant to the original action by mailing a copy of the petition, together with a copy of the notice of the motion to her address in the City of Chicago.

Counsel for defendant, in the original action, was also served with notice of the proceeding and appeared and stated that he was no longer acting as attorney for the defendant in the action. A special appearance was filed by him, on behalf of the defendant Monika Bell, asking that the motion be denied for want of proper service upon the defendant.

Chapter 110, section 89 of the Practice Act, provides that error which could have been corrected by a writ of error *coram nobis* "may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

It is urged as a ground for reversal that such a motion being in the nature of a writ of error *coram nobis,* is, in fact, a new suit and that service by summons should be had on the original defendant to the action. We are citied to some authorities holding that the motion is in the nature of an original suit and that the defendant should be served with process. The proceeding, however, is supplemental to the original proceeding and, while in the nature of a new suit, must be entertained before the court entering the original order or judgment in the cause, and is entitled in the same manner as the original proceeding. *McGrath & Swanson Const. Co. v. Chicago Rys. Co.* 252 Ill. App. 476.

The procedure required by chapter 110, section 89 of the Practice Act, in our opinion does not require the issuance of summons, but does require process by reasonable notice.

Rule 21 of the superior court provides the manner in which notice shall be served. Section (b) of Rule 21 provides that service should be had by delivering a copy of the motion to the opposite party, if such party is not represented by counsel.

The Supreme Court of this State in the case of *Haj v. American Bottle Co.,* 261 Ill. 362, lays down the general rule that, whether notice is required by statute or rule of court and the method of serving the same is not laid down, it is understood that there shall be personal service.

The letter mailed to the defendant in this cause was registered, but not accepted by the defendant. .It is not clear who refused acceptance of the registered letter, but the rule remains that it was not such service as was contemplated by section 89 of the Practice Act.

In our opinion the actual issuance of a summons and service by the sheriff is not necessary, but personal service of the motion on the defendant in the original action was requisite in order to give the court jurisdiction to entertain the motion.

We have not been aided in arriving at our conclusion in this case by briefs on behalf of the appellee.

For the reasons stated in this opinion, the order of the superior court, vacating the judgment dismissing the cause for want of prosecution, is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Order reversed and cause remanded.*

RYNER, J., concurs.
HOLDOM, J., not participating.