(No. 30308.—

CHARLES J. CALKIN *et al.,* Appellants, *vs.* ROBERTS PARK FIRE PROTECTION DISTRICT, Appellee.

*Opinion filed November 20, 1947.*

JAMES PERCIVAL PIO, of Chicago, for appellants.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from an order of the county court of Cook County. Appellants filed a petition or motion in said court which they designated as a petition in the nature of a writ of error *coram nobis*. The purpose of the action was to vacate two orders which were entered in the organization of the Roberts Park Fire Protection District. The petition was denied and appellants prosecuted an appeal direct to this court.

The Roberts Park Fire Protection District was organized under section 1 of "An Act to create Fire Protection Districts." (Ill. Rev. Stat. 1945, chap. 127½, par. 21.) The procedure prescribed by the statute for such an organization directs that there shall be two hearings before the county judge of the county in which all, or the greater part, of the district is located. One is for the purpose of fixing and settling the boundaries of the district and the other for fixing the time of election to be held with a canvass of the vote and a declaration of the results. The statute directs that such orders entered by the county judge shall be spread on the record of the county court. The statute directs that the time and place of the hearing on boundaries shall be given by notice published in one or more daily or weekly papers, published within the proposed district, or if no daily or weekly paper is published in the district, then notice is to be given by posting at least ten copies at public places in the district at least twenty days before such hearing. The same kind of notice is prescribed for the election.

Appellants' theory is that the notice was not given by publishing it in a newspaper that was published within the district. It is alleged that there is no daily or weekly paper published in the district and it is contended that the only method of notice under such circumstances would be by posting. It is contended that this constitutes an error

of fact, which may be questioned by motion or petition under section 72 of the Civil Practice Act. The orders attacked were the ones fixing the date of hearing on boundaries, entered April 8, 1946, and the other fixing the date of election, entered June 6, 1946. Appellants' petition or motion was filed April 15, 1947.

It will not be necessary to consider whether facts are presented which give this court jurisdiction by direct appeal, for the reason that the record does not show that the fire protection district, its officers, if any, or anyone interested in the district, had notice of the filing of the instant petition in the county court. The statute provides that reasonable notice shall be given, but it is not necessary in this case to consider what would be reasonable notice, for it does not appear that any notice was given. An affidavit appearing in the record shows that a notice was mailed to Paul R. Shanoff, South LaSalle Street, Chicago, "attorney for plaintiffs," but there is nothing in the record here showing who is referred to as plaintiffs. No one appeared in the court below and there is no appearance by anyone as defendant or appellee in this case. Furthermore the notice to Shanoff was by mail. The rule is that where the statute or a rule of court prescribes that notice be given but does not designate the character of service, the courts will construe it as requiring personal service. (*Haj* v. *American Bottle Co.* 261 Ill. 362.) As to the requirements of notice of the filing of a motion for writ of error *coram nobis*, see *Hunt* v. *Bell*, 257 Ill. App. 432; *Barnes* v. *Chicago City Railway Co.* 185 Ill. App. 148.

The judgment appealed from is reversed and the cause remanded, with directions to stay action for a reasonable time for the appellants to bring proper parties before the court. If appellants do not elect to bring the necessary parties into court, then their petition should be dismissed.

Costs of this appeal are taxed to appellants.

*Reversed and remanded, with directions.*