(No. 36374.

SAMUEL JOHNSON, Appellant, *vs.* ROBERT G. PAUTLER,
Appellee.

*Opinion filed May 19, 1961.*

WILLIAM A. SCHUWERK, of Chester, and CONN & CLENDENIN, of Sparta, for appellant.

KENNETH J. JUEN, of Belleville, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Samuel Johnson failed by one vote to be elected commissioner of Randolph County at the general election held on November 8, 1960. He chose to contest this result pursuant to section 23—20 of the Election Code. (Ill. Rev. Stat. 1959, chap 46, par. 23—20.) He filed his petition, statement and complaint for contest in the circuit court of Randolph County on November 29, 1960. On that day the petition, bond for costs, and notice of motion to apply for order to impound ballots were presented to a circuit judge of that circuit. Also on the same day, a copy of the petition, statement and complaint was delivered personally by one of the attorneys for petitioner to J. Clyde Hamilton, county clerk of Randolph County. On December 15, 1960, another circuit judge of that circuit ordered the county clerk of Randolph County to impound the ballots and all articles pertaining to the general election of November 8, 1960. On the same day Robert G. Pautler, defendant-appellee, filed a motion to dismiss plaintiff's petition and complaint to contest on the sole ground that plaintiff had failed to give notice of the pendency of these proceedings as required by statute which reads as follows:

"§ 23—20. The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified. *Copies of such petition shall be delivered by mail to each proper clerk or board of*

*election commissioners who is a custodian of any ballots involved in the contest.* The petition shall allege that the petitioner voted at the election, and that he believes that a mistake or fraud has been committed in specified precincts in the counting or return of the votes for the office or proposition involved or that there was some other specified irregularity in the conduct of the election in such precincts, and the prayer of the petition shall specify the precincts in which the recount is desired. As amended by act approved July 10, 1957. L. 1957, p. 2388." (Emphasis supplied.)

(There is no board of election commissioners in Randolph County.)

Evidence was heard on this motion on December 27, 1960. At this hearing it appeared that William A. Schuwerk, one of plaintiff's counsel, had delivered a copy of plaintiff's petition, statement and complaint to the county clerk of Randolph County *personally* instead of *by mail,* as required by the foregoing statute. The papers bore the filing stamp of the clerk's office as of November 29, 1960, the date of personal delivery.

The court on the same day, December 27, 1960, entered an order dismissing plaintiff's complaint. Pursuant to section 23—30 of the Election Code, (Ill. Rev. Stat. 1959, chap. 46, par. 23—30,) plaintiff seeks a review of this determination in this court.

The single question for us to resolve is whether the statutory requirement, "shall be delivered by mail" to the clerk, shall be given a "directory" or "mandatory" effect. Does personal delivery answer the mandate of the statute? To determine the legislative intention implied in section 23—20 we should consider it in connection with section 17—20 which reads as follows: "* * * The precinct judges of election shall elect a judge who shall return the ballots, in such sealed canvas covering, accompanied by a separate sealed envelope containing the ballots marked 'defective' or 'objected to,' to

the proper clerk or to the board of election commissioners, as the case may be, not later than 12 hours after such proclamation, who shall carefully preserve the ballots for 2 months, and at the expiration of that time the clerk shall remove the same from original package and shall destroy the same, together with all reserve and unused ballots: Provided, if any contest of election shall be pending at such time in which such ballots may be required as evidence, and such clerk or board as the case may be has notice thereof the same shall not be destroyed until after such contest is finally determined." Ill. Rev. Stat. 1959, chap. 46, par. 17—20.

It was the intention of the legislation that the county clerk, the custodian of ballots in Randolph County, be notified of the pendency of an election contest so that the ballots and election paraphernalia may be properly preserved. He received such a notice personally on November 29, 1960, and filed the copies of such proceedings in his office on that day and additionally received a written order from the circuit clerk of Randolph County on December 15, 1960, ordering him to impound the ballots and election supplies pertaining to the election of November 8, 1960.

In *People ex rel. Agnew* v. *Graham,* 267 Ill. 426, 436, this court, while considering various elements of the Election Code, discussed the subject of mandatory and directory provisions of a statute rather fully as follows: "A mandatory provision in a statute is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding. Directory provisions are not intended by the legislature to be disregarded, but where the consequences of not obeying them in every particular are not prescribed the courts must judicially determine them. In doing so they must necessarily consider the importance of the punctilious observance of the

provision in question to the object the legislature had in view. If it be essential it is mandatory. * * * No universal rule can be given to distinguish between directory and mandatory provisions. The controlling question is this as in all other rules of construction is, what was the intention of the legislature? Whether a statute is mandatory or directory does not depend upon its form but upon the legislative intention, to be ascertained from a consideration of the entire act, its nature, its object and the consequences which would result from construing it one way or the other."

In applying the foregoing concepts to the situation appearing here it seems reasonable that the provision "by mail" should fall in the directory category. Personal service answers the legislative intent that the clerk receive notice. It was *essential* that the county clerk be notified of the pendency of an election contest proceeding, but it is not *essential* that he receive such notice by mail.

Appellee places some reliance upon an Appellate Court case, *Stradford* v. *Reinecke,* 6 Ill. App.2d 537. This language appearing in the opinion at page 548 was deemed pertinent: "We therefore conclude that an elector or candidate who contests the election of a public office must give express notice to the election commissioners or county clerks of the filing of such action. This the plaintiff failed to do."

It is appellee's contention that the expressed requirements of the statute involved here were not followed by petitioner. This is no answer to the contention that the command "to serve by mail" is not mandatory. Appellee also argues, "There is no acknowledgment by the County Clerk of receipt of notice. There is no return to the Circuit Court showing service by any officer, nor an affidavit of service, nor a copy of the notice itself. The burden of proof is upon the person charging notice to prove it. Reed v. Eastin, 379 Ill. 586, 41 N.E.2d 765." There is no merit in these arguments. The proof is uncontradicted that the

county clerk of Randolph County was personally served with a copy of the election contest proceedings. Pursuant thereto the ballots were impounded.

Personal service has uniformly been regarded by courts of all jurisdictions as the best and most satisfactory service. Other modes of service have found legislative sanction, such as "depositing in the United States mail with postage fully prepaid," "service of notice in writing by registered or certified mail," "by delivery of a copy to the tenant, or by leaving the same with some person above the age of ten years residing on or in possession of the premises, or by posting the same on the premises in case no one is in actual possession." In *Ziff* v. *Sandra Frocks, Inc.*, 331 Ill. App. 353, the plaintiff had notified the defendant by registered mail, a mode of service not provided for in the statute. The court sustained this form of notice stating, "The statute does not purport to restrict the making of a demand or the service of a notice to the particular method stated in the statute."

This court indirectly in the case of *Haj* v. *American Bottle Co.*, 261 Ill. 362, indicated that personal service is the preferred service. Therein notice by mail was authorized, and the court said "There are statutes which authorize giving notice by mail, and that method being provided, a compliance with the statute is sufficient," and further, "Where a statute requires the giving of notice and there is nothing in the context of the law or in the circumstances of the case to show that any other notice was intended, personal notice must always be given."

The use of the word "shall" in the involved statute does not make the provision necessarily mandatory. *People* v. *Elgin Home Protective Association*, 359 Ill. 379; *People ex rel. Agnew* v. *Graham,* 267 Ill. 426; *People ex rel. Anderson* v. *Village of Bradley*, 367 Ill. 301.

In view of the foregoing consideration we are of the opinion that the legislative intent that prompted the enact-

ment of the disputed legislation was that the county clerk was to receive a copy of the election contest complaint. Adding the provision "by mail" simply permitted a substitute for personal service. The trial court was in error in determining otherwise.

*Reversed and remanded.*