Patricia Y. Fannon, Plaintiff-Appellant, v. City of Aurora, a Municipal Corporation, and Officers Smithburg and Lawrence, Police Officers of the City of Aurora, Defendants-Appellees.

Gen. No. 68–147.

Second District.

February 28, 1969.

Rehearing denied March 27, 1969.

Konstans and Catella, of St. Charles, for appellant.

O'Brien, Burnell, Puckett & Barnett, and Dale C. Flanders, of Aurora, for appellees.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Plaintiff appeals from a summary judgment dismissing her suit against the City and two police officers based on alleged negligence and false imprisonment.

In the case against the City the sole issue is whether or not plaintiff's service of notice by certified mail complied with the provisions of Ill Rev Stats 1965, c 85, § 8–102,[1] concerning notice of injury to a local public entity or any of its employees.

The additional argument is made in the case against the officers that, by failing to deny the allegation in plaintiff's complaint that she had "duly filed" the notice, they had thereby waived the requirement of personal service.

Plaintiff's position is that since the defendants did have actual notice of the claim within the time provided, that the purpose of the statute was fulfilled, and under

---

[1] "8–102. Notice of injury. § 8–102. Within 6 months from the date that the injury or cause of action, . . . was received or accrued, any person who is about to commence any civil action for damages on account of such injury against a local public entity, or against any of its employees whose act or omission committed while acting in the scope of his employment as such employee caused the injury, must personally serve in the Office of the Secretary or Clerk, as the case may be, for the entity against whom or against whose employee the action is contemplated a written statement, signed by himself, his agent or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, the general nature of the accident and the name and address of the attending physician, if any."

the doctrine of "substantial compliance," the statute was satisfied. It is also urged that a literal reading of the statute would require that the plaintiff, herself, serve the notice and that to avoid absurd consequences we should interpret the statute to permit service by an agent, including the post office.

■ These arguments might have some weight if the statute did not clearly provide the form of service of notice, and make the notice a condition precedent to suit. See Ill Rev Stats 1965, c 85, §§ 8–102 (supra) and 8–103; City of Chicago v. James E. Mulligan Enterprises, 27 Ill App2d 481, 488, 170 NE2d 13 (1960). Service of notice by certified mail does not constitute personal service, nor does it comply with the personal service requirement. Haj v. American Bottle Co., 261 Ill 362, 364–366, 103 NE 1000 (1914); Throgmorton v. Mosak, 245 Ill App 330, 331 (1925); Eastwood v. Road Dist. No. 5, 230 Ill App 281, 283 (1923).

Prior to 1965 the statute provided that the injured party "shall file" the notice. In 1965 the language was changed to provide that the plaintiff "must personally serve" the notice. In either event, the sensible reference is to method or character of service of the notice; and the statute does not require that the party personally go to the office to either file the notice under the previous provision or to serve the notice under the present one. Service may be made by an agent, but in view of the interpretation which the cases have placed on "personal service," we cannot conclude that the post office is the agent to make the service.

■ Under the prior statute it was held that the *filing* of the notice was mandatory and that "substantial compliance" (actual knowledge by the City) was not sufficient. See McCarthy v. City of Chicago, 312 Ill App 268, 277, 38 NE2d 519 (1941); Ouimette v. City of Chicago, 242 Ill 501, 507, 90 NE 300 (1909); Minnis v. Friend, 360 Ill 328, 332, 196 NE 191 (1935). Under the

present statute, the requirement of "personal service" can, similarly, not be satisfied by service by mail, despite proof of actual knowledge.

Nor are we persuaded that the defendant Officers waived the requirement of personal service. The admissions made by the denial of the complaint merely were that the plaintiff did not "file" the notice. The complaint did not allege personal service as required by the statute, and the failure to deny the "filing" was in no way an admission that service had properly been made.

We, therefore, affirm.

Affirmed.

MORAN, P. J. and DAVIS, J., concur.