(No. 43357.—

DOROTHY REYNOLDS, Appellant, *vs.* THE CITY OF TUSCOLA, *et al.*, Appellee.

*Opinion filed April 1, 1971.—Rehearing denied May 26, 1971.*

UNDERWOOD, C.J., and DAVIS, J., dissenting.

HARLAN HELLER and DALE A. CINI, both of RYAN AND HELLER, of Mattoon, for appellant.

RICHARD E. RECORD, JR., and JACK E. HORSLEY, both of Mattoon, for intervenor, City of Sullivan.

GLEN A. FEATHERSTUN, of ARMSTRONG, WINTERS, PRICE & TENNEY, of Decatur, for appellee.

Mr. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Plaintiff, Dorothy Reynolds, filed suit against the City of Tuscola for damages for injuries sustained on June 29, 1969, as a result of the alleged negligence of defendant. The complaint alleged that on or about September 25, 1969, plaintiff served notice on the defendant by registered mail, return receipt requested, addressed to Keith Sunderland, City Clerk. A copy of a receipt for registered mail bearing the signature "Keith Sunderland" was attached to the complaint. On February 10, 1970, the defendant filed a motion to dismiss alleging that the notice of injury "was not personally served but was mailed" contrary to the requirements of section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act. (Ill. Rev. Stat. 1969, ch. 85, par. 8—102.) On May 6, 1970, the circuit court of Douglas County entered judgment dismissing the complaint "with prejudice". The court found that service of the notice of injury in question by registered mail, return receipt requested, does not constitute personal service as required by section 8—102, and further found that the statutory requirement does not violate any provision of either the constitution of the United States or the constitution of the State of Illinois.

The issues before this court are whether service of the notice of injury by registered mail, return receipt requested, constitutes personal service as required by the statute, and if not, whether that interpretation contravenes both the United States and Illinois constitutions. Section 8—102 provides in part that any person who is about to commence a civil action against a local public entity "must personally serve in the office of the Secretary or Clerk" a written statement concerning the action. Prior to 1965 the statute had

provided only that an injured party "shall file" a notice.

Plaintiff contends that she complied with section 8—102 when she mailed notice to the defendant by registered mail and when it was in fact received by the defendant because all the purposes of the statute have been met. Defendant cites *Haj* v. *American Bottle Co.,* 261 Ill. 362, and many appellate court decisions for the proposition that the meaning of "personally serve" is clear on its face and that substantial compliance through service by registered mail is not sufficient. However, of all the cases cited, only *Fannon* v. *City of Aurora,* 106 Ill. App. 2d 408, 410, had dealt with the requirements of the phrase, "personally serve in the office of the Secretary or Clerk." There the court noted: "Under the prior statute it was held that the *filing* of the notice was mandatory and that 'substantial compliance' (actual knowledge by the City) was not sufficient. [Citations.] Under the present statute the requirement of 'personal service' can, similarly, not be satisfied by service by mail, despite proof of actual knowledge."

Our acquaintance with statutory "personal service" has been related to the requirements of *in personam* jurisdiction (Ill.Rev. Stat. 1969, ch. 110, sec. 13.2); mechanic's liens (*Carney* v. *Tully,* 74 Ill. 375); notice to an executor or administrator of an estate concerning the existence of a judgment against the estate (*Wilson* v. *Lowmaster,* 181 Ill. 170); and attorney's liens (*Haj* v. *American Bottle Co.,* 261 Ill. 362). In all of these situations, service by mail was not sufficient, but the "personal service" referred to the person being served, not to the person serving. Here, we have the requirement that the injured party "personally serve in the office of the Secretary or Clerk" a written statement. Read literally, this requirement is absurd. If the words "personally serve" are the equivalent of "personal service" it would follow that someone in the office should be served personally. However, the statute does not specify who is to be served, only that notice be personally served in

the office of the secretary or clerk for the entity. It is not clear whether service upon any person in the office, from the maintenance personnel to the clerk or secretary himself, would be sufficient under these circumstances. Nor is it clear how service of notice is to be had where the clerk or secretary in a small city might not have a designated office.

In *People ex rel. Cason* v. *Ring,* 41 Ill.2d 305, we held that an act of the legislature would not be construed so as to lead to absurd, inconvenient or unjust consequences and that a construction would be adopted which it was reasonable to presume was contemplated by the legislature. Due to the lack of clarity surrounding the identity of the person or location of the place where notice is to be served, we must inquire beyond the wording of the statute to determine and follow the legislative intent. (*People* v. *Hudson,* 46 Ill.2d 177; *Lipsey* v. *Michael Reese Hospital,* 46 Ill.2d 32.) Recently, in *King* v. *Johnson,* 47 Ill.2d 247, we noted: "The purpose of this statute is to furnish timely notice of injury so that there can be an investigation and a prompt settlement of meritorious claims. Local public entities, unlike the private or corporate individuals, must determine their budgets in advance for taxing purposes. Knowing within a reasonable length of time the approximate number of claims against them facilitates this operation. Notice of possible tort claims within six months is reasonably related to the legislative purpose of imposing tort liability on all local governmental entities on a fair and orderly basis." (47 Ill.2d at 250-51.) In consideration of this statute we are also guided by the fact that the Local Governmental and Governmental Employees Tort Immunity Act is in derogation of the common-law action against local public entities and must, therefore, be strictly construed against the local public entity. In *McComb* v. *City of Chicago,* 263 Ill. 510, the court inferentially approved a decision of a foreign jurisdiction holding that such a statute should be liberally construed and should not be used as a stumbling block or

pitfall to prevent recovery by meritorious claimants. There the court found that the statement of location of the fall on a defective sidewalk as being "at or near the corner of Thirty-ninth street and Campbell avenue" was exact enough to comply with the purpose of the statute.

Here, the City of Tuscola was in fact notified of all the particulars involving the accident within the six-month limitation. Upon notification, the City was in a position to investigate the claim while the surrounding conditions were fresh, and to effect settlement if the claim was found to be meritorious. Where, as here, there is service by registered mail, return receipt requested, and it can be shown that the local public entity did, in fact, have notice of the injury and the other particulars, we believe that the requirement of "personally serving" has been satisfied through the agency relationship. A liberal interpretation of the statute is necessary because of its position in relation to the common law and because a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences. Under these circumstances we adopt a construction which it is reasonable to presume was contemplated by the legislature.

Because of our disposition of the first issue, we will not find it necessary to consider the constitutional issue. For the foregoing reasons the judgment of the circuit court of Douglas County is reversed and the cause remanded.

*Reversed and remanded.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

It seems to me that, by pleading a lack of clarity where none exists, the court has sought to manufacture an issue upon the basis of which it can seek beyond the statutory language to reach the result it deems desirable. In construing this plain and unambiguous legislative requirement that a plaintiff "must personally serve" to permit service by mail, the majority violate a cardinal rule of statutory construction and depart from the legitimate judicial function: to enforce

the law as it is enacted by the legislature. (*Department of Public Works and Bldgs. v. Schon*, 42 Ill.2d 537; *Western National Bank of Cicero v. Village of Kildeer*, 19 Ill.2d 342; *People ex rel. Mayfield v. City of Springfield*, 16 Ill.2d 609; *Belfield v. Coop*, 8 Ill.2d 293, 307.) While a little judicial legislation may occasionally be tolerable, I cannot subscribe to judicial nullification of what I view as a clearly expressed legislative mandate.

The law pertaining to the service of notice in Illinois has always been clear. "When a notice is required and the mode of service is not specified, the law requires that it shall be personal." *Haj v. American Bottle Co.*, 261 Ill. 362, 364; *Johnson v. Pautler*, 22 Ill.2d 299, 304; *Calkin v. Roberts Park Fire Protection Dist.*, 398 Ill. 374, 376; *Wilson v. Lowmaster*, 181 Ill. 170; *Chicago and Alton R.R. Co. v. Smith*, 78 Ill. 96; *Carney v. Tully*, 74 Ill. 375.

Briefly stated, if the statutory language "personally serve" does not expressly require personal service, then "the mode of service is not specified"; it follows in either event that personal service is required. Since, as the court concedes, service by mail is not personal service, claimant clearly here has not complied with the statute. Dismissal of the suit is therefore mandatory. Ill. Rev. Stat. 1969, ch. 85, par. 8—103; *Minnis v. Friend*, 360 Ill. 328; *Ouimette v. City of Chicago*, 242 Ill. 501; *Walters v. City of Ottawa*, 240 Ill. 259; *Fannon v. City of Aurora*, 106 Ill. App. 2d 408, 410.

The majority avoids this result by ignoring the issue upon which the circuit court ruled in dismissing the suit, and upon which the appellee relies. In the majority's own words, this issue is "whether service of the notice of injury by registered mail, return receipt requested, *constitutes personal service as required by the statute*." (My emphasis.) The court focuses instead on its own manufactured issue as to the proper person and place for service, and points to the statute's "lack of clarity" on this issue as the justification

for inquiring beyond the words of the statute to determine the legislative intent. The question whether service upon the maintenance personnel would be proper, intriguing as it may be to the majority, does not arise here. No one disputes that in this case a proper person—the city clerk, was served in a proper place. The only dispute is as to the absence of personal service. Moreover, while it is the "lack of clarity" on what I consider a totally irrelevant question which leads the majority to ignore the statutory language altogether, the court does not actually resolve the issue as to the proper method of service but simply concludes that the requirement, whatever it may be, is satisfied here because "the City of Tuscola was in fact notified", and "it can be shown that the local public entity did, in fact, have notice."

It is also worthy of note that the opinion of the court creates a multitude of uncertainties where certainty has heretofore existed. Will the use of certified mail suffice for the giving of notice? Regular mail? And what about late notice? Or what of the absence of any notice in a case in which the public entity has acquired complete information from sources other than the plaintiff regarding the injury? I do not know the answers, but of greater consequence is the fact that neither, in light of this opinion, will the bar.

Since the majority finds discussion of the constitutional questions raised by plaintiff unnecessary, no useful purpose would be served by a discussion of them here other than to say I do not find plaintiff's argument persuasive. See *King* v. *Johnson,* 47 Ill.2d 247.

I would affirm the judgment dismissing the complaint for failure to personally serve the notice of injury.

Mr. JUSTICE DAVIS joins in this dissent.