O. E. SCHROCK, INC., d/b/a O. E. Schrock Building Center, Plaintiff-Appellant, *v.* BLUE MOUND COMMUNITY UNIT SCHOOL DISTRICT NO. 10 *et al.*, Defendants-Appellees.

Fourth District   No. 16491

Opinion filed January 29, 1981.

Samuels, Miller, Schroeder, Jackson & Sly, of Decatur (Darrell A. Woolums, of counsel), for appellant.

Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., of Decatur (John T. Taylor, of counsel), for appellee Blue Mound Community Unit School District.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Plaintiff, O. E. Schrock, Inc. (Schrock), appeals the dismissal of its complaint to enforce a lien against public funds. In this appeal, we are faced with the narrow issue of whether the fact that the complaint served upon the defendant, Blue Mound Community Unit School District No. 10 (School District), was not certified, as the statute requires, justifies the dismissal of the complaint where all other statutory requirements are met.

The School District contracted with defendant, R. E. Cassady & Son Roofing (Cassady), for the repair and replacement of a roof. Schrock furnished materials to Cassady for that purpose. On January 9, 1980, Schrock notified the School District and Cassady of its claim of lien. The sum of $4,003.97 remains due Schrock for the materials. A verified complaint to enforce its lien on public funds was filed March 7, 1980. Both the School District and R. E. Cassady & Son Roofing were named defendants. The School District moved to dismiss, claiming Schrock failed to notify the necessary officials of the commencement of suit within the time limits required by statute. The affidavit of Dean Crump, president of the school board, admits he was served with summons and a copy of the complaint. The copy of the complaint served upon him, however, was not certified. The trial court dismissed the complaint and found no just reason for delaying appeal.

Section 23 of the mechanics' liens act (Ill. Rev. Stat. 1979, ch. 82, par. 23) provides lien rights in favor of a subcontractor on a public improvement upon the public funds due the contractor. The portion of the statute pertinent to this case provides:

> "The person so claiming a lien shall, within 90 days after filing such notice, commence proceedings by complaint for an accounting, making the contractor having a contract with the county, township, school district, city or municipality and the contractor to whom such material, apparatus, fixtures, machinery or labor was furnished, parties defendant, and shall within the same period notify the official or officials of the county, township, school district, city or municipality of the commencement of such suit by delivering to him or them a *certified copy of the complaint filed.*" (Emphasis added.) (Ill. Rev. Stat. 1979, ch. 82, par. 23.)

We hold the fact that the complaint served upon the School District was not certified does not invalidate Schrock's claim of lien against public funds.

The record shows that Schrock has complied with all other statutory requirements. The School District has presented no other argument to support this dismissal and does not assert the fact that the complaint it received was not certified has any bearing on the merits of Schrock's

claim. The School District was not deprived of notice of Schrock's claim of lien.

A similar result is found in *Watson v. Auburn Iron Works, Inc.* (1974), 23 Ill. App. 3d 265, 318 N.E.2d 508. The plaintiff's notice of lien was sent by certified mail but did not state "delivery limited to addressee only" as required by section 24 of the mechanics' liens act. The court rejected the defendant's contention that the complaint should have been dismissed. The omission to limit delivery to addressee only was not a deprivation of notice and did not invalidate the claim of lien. Similarly, the omission of serving a certified copy of the complaint in this cause is not a deprivation of notice and does not invalidate the plaintiff's claim of lien.

We find further support for our holding in *Reynolds v. City of Tuscola* (1971), 48 Ill. 2d 339, 270 N.E.2d 415. The circuit court dismissed the complaint because the service of notice of injury was by registered mail, return receipt requested, rather than by personal service as required by section 8—102 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1969, ch. 85, par. 8—102). The supreme court reversed, holding that where service is by registered mail and it can be shown that the public entity did in fact have notice of the injury, the requirement of "personally serving" is satisfied. The court noted that a more restrictive interpretation could lead to absurd, inconvenient or unjust consequences. The dismissal here, where the School District has been named as defendant and served with summons and a complaint, is clearly an unjust consequence and will not be upheld.

The trial court erred in dismissing the complaint against the School District. This cause is reversed and remanded for further proceedings consistent with this opinion.

Reversed and remanded.

TRAPP, P. J., and WEBBER, J., concur.